In the Matter of Charles Monroe LARIMER and Barbara Denise Larimer, Debtors.

L.D. FITZGERALD, Plaintiff,

v.

UNITED STATES of America on behalf of its agency INTERNAL REVENUE SERVICE, Defendant.

Adv. No. 82–0430.

United States Bankruptcy Court, D. Idaho.

Feb. 22, 1983.

Jim D. Pappas of Green, Service, Gasser & Kerl, Pocatello, Idaho, for plaintiff.

Scott A. Milburn, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

Trustee seeks an order directing the Internal Revenue Service (IRS) to turnover and to pay over to trustee debtors' tax refund for the taxable year 1981 and a declaratory judgment that defendant is under an affirmative duty to turnover refunds in similar cases without requiring trustee to provide a written agreement from debtor consenting to such procedure or a court order requiring such turnover. The facts are not disputed. Both parties seek a summary judgment.

Debtors filed for relief under the Bankruptcy Code on December 8, 1981. Their income taxes were overpaid for 1981 in the amount of $617.00; trustee made written demand on the IRS for delivery of said overpayment to him; IRS refused to turnover the proceeds unless trustee complied with the requirements of their procedure manual, § 413(2), to wit:

"b. If the refund pertains to a taxable year or period beginning before and ending during the bankruptcy case, notify the trustee that the refund is possibly property of the debtor and that the debtor should be contacted in order that an agreement be reached concerning the distribution of the refund. Pattern letter 1465(P) in Exhibit 400–4 must be sent to the trustee with a copy to the debtor. Send the refund check to the party designated in the trustee-debtor agreement. This agreement must be signed by the debtor. Do not issue split refund checks. No transmittal letter is necessary. If the trustee does not respond to the letter within 20 days or if the debtor and the trustee cannot agree as to who should receive the refund, then the check must be given over to the bankruptcy court. In such cases, send the refund check and Pattern letter 1466(P) in Exhibit 400–5 to the clerk of the bankruptcy court with copies of the letter to the debtor and the trustee."

The parties agree that the refund in question, to the extent that the tax overpayment was accumulated prior to December 8, 1981, is an asset of the debtors' estate under § 541 of the Bankruptcy Code, and that any sums accumulated between December 8, 1981 and December 31, 1981, is the property of the debtors.

Trustee contends that he is entitled to the entire refund under § 542 of the Bankruptcy Code and, to the extent that any portion of the refund belongs to debtor, he is under the duty to pay the same to debtors in the course of his administration of the estate. In support of that position, trustee argues that trustees, in the course of their administration of estates, frequently administer property in which debtors or the third parties have a property interest, citing § 363(e) relating to the sale of property subject to third party security interests; § 363(g) relating to dower or curtsey interests; § 363(f) relating to joint ownerships where division is impractical before sale; and to the situation concerning exempt property of the debtor prior to the allowance of the exemption.

The IRS contends that to require it to apportion refunds would be an enormous administrative burden and that, if it is required to transfer the check to the trustee without debtors' consent, it is exposed to liability for wrongful delivery of the debtors' share.

The IRS Manual procedures are in direct conflict with the requirements of § 542 of the Bankruptcy Code. This section is by its terms self-operative and mandatory. It states:

"(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

■ Under this section, the duty of the IRS as an "entity", as defined in § 101(14) of the Code, is to deliver the estate's share of the refund to the trustee. There is no requirement in the Code that the trustee make demand, obtain a court order, or take any further action in order to obtain a turnover of the estate's property. Failure of an entity to do so, after notice of the estate's interest in property held by it, is probably contumacious. In bankruptcy cases, the IRS is made aware of the bankruptcy estate, and the interest of that estate in the refund, when it receives notice of the filing under Bankruptcy Rule 203(g)(1).

■ I thus conclude that the Code places the burden of action upon the IRS to see that the refund is delivered as required by the statute. It cannot avoid that burden by delivering the refund to the clerk of the bankruptcy court or by requiring trustee to obtain an order of the court or an agreement from debtor.

Neither this court nor its clerk has the duty to take affirmative action with regard to refunds without some pleading request-ing action by the court, which in the type of situation at bar, would be an interpleader action filed by the IRS as stakeholder. Obviously, this procedure would be extremely burdensome to the IRS. Likewise, procedures prescribed by the IRS Manual are extremely burdensome to the trustee and to this court, and in addition are not authorized by statute.

A practical solution is needed by all parties.

■ It appears to this court that there is no reason why the IRS should not deliver any refunds due in a case where both debtor and the estate have an interest therein by joint draft naming both the debtor and the trustee as payees. The check or draft should be delivered to trustee who is an officer of the U.S. Bankruptcy Court and is bonded against defalcation. I believe the IRS can safely deliver the entire refund to the trustee for administration as part of the estate. A trustee is under a fiduciary obligation to protect the interests of all parties in property coming into his possession, and to dispose of the same as part of his administration. See 11 U.S.C. §§ 704, 725.

I thus find that, if IRS records indicate that both debtors and the estate may have some interest in a refund, the IRS has the affirmative duty to deliver all refunds which are property of the estate to trustee, either by delivery of the entire refund to trustee or by a joint draft payable to debtor and trustee.

Counsel for trustee is asked to prepare a formal order in accord with this decision.