**In re Veller McCARY, Debtor.**

**No. 85 B 9574.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 26, 1986.

Michael J. Ventrelle, Schiller Park, Ill., for debtor.

Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for Stauffer Chemical Co.

MEMORANDUM OPINION
AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Motion For Turnover Order filed by the Debtor, VELLER McCARY, represented by MICHAEL J. VENTRELLE, and upon the responses thereto filed by STAUFFER CHEMICAL CO. [Stauffer], represented by VEDDER, PRICE, KAUFMAN & KAMMHOLZ, and the Court, having reviewed the record and the pleadings on file, and having afforded the parties an opportunity for hearing, and being fully advised in the premises;

The Court Finds:

1. On July 29, 1985, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. On June 5, 1985, Stauffer, Debtor's employer, was served with a wage deduction summons filed in the Circuit Court of Cook County, Illinois. *Tommy Smith v. Veller McCary and Stauffer Chemical Co.*, No. 84 L 20297. Pursuant to this wage deduction summons, Stauffer made

deductions totalling $660.50 from Debtor's salary. The last deduction was made for the pay period ending July 21, 1985.

3. On October 31, 1985, the Trustee, after the meeting of creditors, made a specific finding of "no assets" in this case.

4. On December 9, 1985, Debtor filed a Motion For Turnover Order to recover from Stauffer the sum of $660.50 which represents the amount withheld pursuant to the wage deduction summons.

5. Debtor alleged that Stauffer's failure to tender the withheld sum of $660.50 to Debtor was in violation of 11 U.S.C. § 543(b)(1). Debtor further alleged that Stauffer's refusal to tender payment has caused Debtor to incur additional attorney's fees in the amount of $150.00 which Debtor now seeks reimbursement.

6. On December 9, 1985, Stauffer filed a Response to Debtor's Motion For Turnover wherein Stauffer contended that it had not received any official notice of Debtor's Chapter 7 bankruptcy petition. Stauffer stated, however, that in a conversation held on August 6, 1985 between the attorney for Debtor and the attorney for Stauffer, Stauffer received actual notice of Debtor's bankruptcy. Stauffer further stated that it held the $660.50 under actual knowledge of the bankruptcy.

7. Stauffer alleged that its attorneys had requested from Debtor's attorney an order directing Stauffer to turn over the $660.50 to any party and that Debtor's attorney had not provided Stauffer with such an order. For its having to appear in Court to defend itself against Debtor's request for attorney's fees, Stauffer alleged that it had incurred $210.00 in attorney's fees and Stauffer sought reimbursement from the $660.50 held pursuant to the wage deduction order.

8. On December 9, 1985, the Court entered an Order directing Stauffer to turn over $660.50 to Debtor *instanter.* Whether Debtor or Stauffer is entitled to attor-

ney's fees is the only matter now remaining before this Court. The narrow issue which this matter presents is whether Stauffer, in the absence of a Court order, and having actual knowledge of Debtor's bankruptcy, had a duty to turn over the $660.50 to Debtor.

■ The Court Concludes and Further Finds:

1. 11 U.S.C. § 542(a) provides in relevant part that:

(a) ... an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Section 542(a) is by its terms self-operative and mandatory. *Fitzgerald v. Internal Revenue Service,* (*In re Fitzgerald*), 27 B.R. 514, 516 (Bankr.D.Idaho 1983). Section 542(a) imposes a duty upon an entity to deliver to the trustee property that the trustee may use, sell or lease under Section 363 of the Code, or that the debtor may exempt under Section 522 of the Code. Furthermore, Section 542(a) does not require that "the trustee make demand, obtain a court order, or take any action in order to obtain a turnover of the estate's property." *In re Fitzgerald, supra* at 516. Where an entity has knowledge of a bankruptcy it has an absolute duty to deliver funds to the trustee. *Janis v. Bidlofsky,* (*In re Bidlofsky*), 57 B.R. 883, 898 (Bankr. E.D.Mich.1985).

2. Stauffer is an "entity" as defined in 11 U.S.C. § 101(14).[1] Therefore, Debtor's turnover motion is governed by Section 542(a).

---

1. 11 U.S.C. § 101(14) defines "entity" as follows: (14) "entity" includes person, estate, trust, and governmental unit;

3. Stauffer is not a "custodian" as defined in 11 U.S.C. § 101(10).[2] Therefore, Debtor's reliance on 11 U.S.C. § 543(b)(1) is misplaced since this Section covers the turnover of property by a custodian.

4. Section 542(a) requires entities to deliver property as described in the section to the trustee, not the debtor. While courts have held that entities with knowledge of a bankruptcy have an absolute duty to deliver property to the trustee even if a court order is not obtained, *In re Fitzgerald, supra, In re Bidlofsky, supra,* the plain meaning of the language found in Section 542(a) would not support the extension of this duty to include a debtor. Therefore, in the absence of a court order, Stauffer did not have a duty to deliver the $660.50 funds to Debtor even though Stauffer had actual knowledge of the bankruptcy simply because the Debtor is not a trustee. Furthermore, Stauffer acted appropriately and reasonably when it requested a turnover order from Debtor.

5. Section 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), provides this Court with authority to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11 of the United States Code. This authority includes the power to adjudicate and punish contempts. To possess the contempt power, however, does not require that it be exercised. *In re Mullen,* 14 B.R.

39, 40 (S.D.Ohio 1981). "A judge trying a criminal contempt case may find violations and nevertheless impose no sanctions." *In re Dellinger,* 502 F.2d 813, 817 (7th Cir. 1974), *cert. denied,* 420 U.S. 990, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975).

6. Under all the circumstances of this case, the Court, in its discretion, concludes that the imposition of sanctions against Stauffer in the form of a $150.00 attorney fee award to Debtor, and the imposition of sanctions against Debtor in the form of an $210.00 attorney fee award to Stauffer shall not be imposed upon either Stauffer or Debtor.

7. This cause constitutes a core proceeding. 28 U.S.C. § 157.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion For An Award Of Attorney's Fees filed by the Debtor, VELLER McCARY, against STAUFFER CHEMICAL CO. be, and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion For An Award Of Attorney's Fees filed by STAUFFER CHEMICAL CO., against the Debtor, VELLER McCARY be, and the same is hereby denied.

**2.** 11 U.S.C. § 101(10) defines a custodian as:
   (A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title;
   (B) assignee under a general assignment for the benefit of the debtor's creditors; or
   (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors; ...
The legislative history for this section states: Paragraph (11) [now (10)] defines "custodian." There is no similar definition in current law. It is defined to facilitate drafting, and means a pre-petition liquidator of the debtor's property, such as an assignee for the benefit of creditors, a receiver of the debtor's property, or administrator of the debtor's property.

The definition of custodian to include a receiver or trustee is descriptive, and not meant to be limited to court officers with those titles. The definition is intended to include *other officers of the court* if their functions are substantially similar to those of a receiver or trustee.
S.Rep. No. 989, 95th Cong., 2d Sess. 23 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5809 (emphasis added).
In the present case Stauffer, in withholding a portion of Debtor's wages, was not acting as a "liquidator" of the debtor's property, or as a trustee, but Stauffer was doing what it was required to do pursuant to the wage deduction summons. For a further discussion of this issue, *See American Protective Coatings Division v. Georgia Steel, Inc. (In Re Georgia Steel, Inc.),* 9 BCD 1205, 25 B.R. 781 (Bankr.M.D.Ga. 1982).