In re Elizabeth Hayes LUCAS, Debtor.

Jane B. FORBES, Trustee, Plaintiff,

v.

Elizabeth Hayes LUCAS and Holiday Corporation Savings and Retirement Plan, Defendants.

Bankruptcy No. 386–05479.
Adv. No. 388–0143.

United States Bankruptcy Court,
M.D. Tennessee.

June 9, 1989.

Jane B. Forbes, Franklin, Tenn., trustee.

Charles W. Broun, III, Holiday Corp., Memphis, Tenn., for Holiday Corp. Sav. and Retirement Plan.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issues presented on cross-motions for summary judgment are: (1) whether *Mackey v. Lanier*, 486 U.S. ——, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) upsets the Chapter 7 trustee's recovery of vested ERISA-qualified pension benefits that are not exempt under Tennessee or non-bankruptcy federal law; and (2) whether a pension fund is liable for benefits paid to the debtor after notice of the estate's claim. *Mackey* does not affect the trustee's right to non-exempt pension benefits. The trustee can recover post-petition distributions from the debtor or the pension fund.

This is a core proceeding. 28 U.S.C.S. § 157(b)(2)(A), (E) (Supp.1988). The following are findings of fact and conclusions of law. Bankr.R. 7052.

### I.

Debtor filed a voluntary Chapter 7 on December 22, 1986. Schedule B–4 listed a $2,000 exemption in a retirement fund not listed as an asset on Schedule B–2. An alert trustee inquired about the retirement fund by letter to debtor's attorney dated January 27, 1987. By letter dated January 30, 1987, Holiday Corporation was notified by the debtor's lawyer that "Jane B. Forbes, Chapter 7 Trustee" would be seeking information regarding the debtor's pension benefits. Associate General Counsel for Holiday, by letter dated February 20,

1987, acknowledged the interest of the Chapter 7 trustee and inquired of the debtor's attorney: "it would be very helpful to me if the situation giving rise to any further queries were explained." By letter from the trustee dated April 6, 1987, Holiday was informed:

> I am trustee in bankruptcy for the above individual ... According to your letter, a certain percentage of the contributions vest and become 100% [sic] after eight (8) years [sic] service by the employee. Pursuant to 11 U.S.C. § 542 and § 543, I am requesting that you provide me with a complete accounting of amounts in Elizabeth Hayes Lucas' account with a breakdown as to the amounts that have vested and the amounts that are not vested. Should you have any questions or should you require a subpoena to provide me with this information, please advise me within the next ten (10) days.

Holiday's counsel responded on April 20, 1987 advising that $5,863.08 was vested as of January, 1987. In April and again in May, the trustee notified the attorney for the debtor that the "vested" pension benefits were property of the bankruptcy estate. The debtor requested withdrawals from Holiday of $1,500 on April 16, 1987, $1,161.13 on May 7, 1987 and $4,829.98 on August 24, 1987.

The trustee filed this complaint against the debtor and Holiday[1] to recover that portion of the vested pension benefits paid to the debtor post-petition exceeding the $2,000 personal property exemption claimed pursuant to TENN.CODE ANN. § 26–2–102 (1980).[2]

## II.

■ It is conceded that the Holiday Corporation Savings and Retirement Plan is not a spendthrift trust under Tennessee law, thus, the debtor's vested pension benefits became property of the bankruptcy estate at filing on December 22, 1986. *In re Ridenour*, 45 B.R. 72, 78 (Bankr.E.D.Tenn. 1984) ("Congress intended to exclude from the debtor's estate under § 541(c)(2) only those ERISA-qualified pension plans which also constitute valid spendthrift trusts under relevant state law."). *See also In re Faulkner*, 79 B.R. 362 (Bankr.E.D.Tenn. 1987).

■ Tennessee has enacted exemptions pertaining to pension benefits.[3] TENN. CODE ANN. § 26–2–111 provides in part:

> In addition to the property exempt under § 26–2–102, the following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:
>
> (1) The debtor's right to receive:
>
> \* \* \* \* \* \*
>
> (D) To the same extent that earnings are exempt pursuant to § 26–2–106, a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of death, age, or length of service, unless:

---

**1.** At one point in this proceeding, Holiday argued that the trustee named the wrong defendant. Indeed, "Holiday Corporation" is not the transferor of the pension benefits. Holiday Corporation Savings and Retirement Plan is the proper defendant and has appeared through counsel. Holiday does not argue that it is immune from this suit under ERISA. *See Mackey*, 486 U.S. at ——, 108 S.Ct. at 2186, 100 L.Ed.2d at 845, *et seq.*

**2.** The trustee does not contest the debtor's entitlement to use the general personal property exemption in § 26–2–102, thus I need not determine whether *Mackey* affects the use of TENN. CODE ANN. § 26–2–102 to exempt ERISA-qualified pension benefits. *See Mackey*, 486 U.S. at ——, 108 S.Ct. at 2185, 100 L.Ed.2d at 844 *et seq.*

The debtor does not claim that ERISA itself would protect these pension benefits from the bankruptcy trustee and the debtor claims no non-bankruptcy federal exemption under 11 U.S.C.S. § 522(b)(2)(A) (1986). *See In re Graham*, 726 F.2d 1268 (8th Cir.1984); *In re Goff*, 706 F.2d 574 (5th Cir.1983); *In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985); *In re Daniel*, 771 F.2d 1352 (9th Cir.1985).

**3.** Exemptions are determined at the date of the bankruptcy petition. *See In re Ridenour*, 45 B.R. at 80. Neither the trustee nor Holiday argues that the amendment to § 26–2–104(b) which took effect July 1, 1988 is applicable to this case. TENN.CODE ANN. § 26–2–104(b) (Supp.1988).

(i) Such plan or contract was established by or under the auspices of an insider that employed the debtor at the time that the debtor's rights under such plan or contract arose;

(ii) Such payment is on account of age or length of service; and

(iii) Such plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).

*"Provided, however, that the assets of the fund or plan from which any such payment are made or are to be made, are exempt only to the extent that the debtor has no right or option to receive them except as monthly or other periodic payments beginning at or after age fifty-eight (58). Assets of such funds or plans are not exempt if the debtor may, at his option, accelerate payment so as to receive payment in a lump sum or in periodic payments over a period of sixty (60) months or less."*

TENN.CODE ANN. § 26–2–111 (1980) (emphasis added).

The debtor's pension benefits are not subject to exemption under § 26–2–111 because the debtor has access to vested benefits greater than that permitted by the highlighted proviso. The Holiday Corporation Savings and Retirement Plan dated June, 1987 provides: "[O]ne of the most important features of our savings and retirement plan is that you can borrow money from your account. When you take out a loan, you borrow your own money." The minimum amount a participant can borrow is $500 and the maximum depends on the vested money available in the account. Participants may have two loans outstanding if one loan was made to acquire or build a home. The plan allows hardship withdrawals: "If you need money because you or a family member have big medical bills or need to finance a home or a college education, you can apply for a hardship withdrawal of your before tax savings." A participant "can receive all the vested money ... when you: leave the company, retire at or after age 55, or become permanently disabled." Leaving the company includes voluntary termination. Since the Holiday plan fails the proviso of § 26–2–111(1)(D), there is no Tennessee exemption available to the debtor to defeat recovery of the debtor's benefits for the bankruptcy estate, net of the $2,000 conceded by the trustee. *See In re Clark,* 18 B.R. 824 (Bankr.E.D. Tenn.1982) (analysis of § 26–2–111(1)(D)).

*Mackey* does not change this result. In *Mackey,* the Supreme Court considered a Georgia statute that prohibited garnishment of employee *welfare* benefits. The Supreme Court concluded that ERISA pre-empted state anti-assignment or anti-alienation of ERISA-qualified welfare plan benefits. Because there was no protection in ERISA for garnishment of welfare benefits, Georgia could not enact a statute that prohibited garnishment. The predicate for the pre-emption question in *Mackey* is not here present: There is no state exemption statute applicable to this debtor that might be pre-empted by ERISA.

### III.

■ The trustee can avoid the post-petition transfers of pension benefits to the debtor and recover the amounts transferred.

11 U.S.C.S. § 549(a) provides:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

11 U.S.C.S. § 549(a) (1986).

This petition was filed in December of 1986. The debtor's vested pension benefits were property of the bankruptcy estate. 11 U.S.C.S. § 541(a) (1986). The debtor demanded and received payments of pension benefits from Holiday on April 16, 1987, May 7, 1987 and August 24, 1987. Each payment of benefits was a transfer of property of the estate. 11 U.S.C.S.

§ 101(50) (Supp.1988). These transfers were not authorized by title 11, were not authorized by this court, nor did the debtor make any attempt to obtain court authorization, notwithstanding that debtor's counsel was aware of the trustee's assertion of rights in the pension benefits at least as early as January 30, 1987—nearly three months before the debtor's first withdrawal.

Upon avoidance of a transfer under § 549, 11 U.S.C.S. § 550(a)(1) authorizes the trustee to recover, for the benefit of the estate, "the property transferred, or, if the court so orders, the value of such property, from (1) the initial transferee of such transfer ..." 11 U.S.C.S. § 550(a)(1) (1986). The debtor is the initial transferee of transfers of pension benefits avoidable under § 549.

The debtor had an affirmative duty to surrender property of the estate to the trustee and to assist the trustee in administration of the estate. 11 U.S.C.S. § 521 (1986). Through counsel, the debtor was fully informed that the trustee claimed the pension benefits. In complete disregard of the debtor's duties, and in violation of the automatic stay,[4] the debtor demanded and received property of the estate from Holiday. Section 550(a)(1) entitles the trustee to recover from the debtor the avoidable post-petition transfers of pension benefits.

### IV.

■ 11 U.S.C.S. § 542(a) required Holiday to turn over to the trustee the debtor's vested benefits and entitles the trustee to recover from Holiday the benefits wrongfully paid to the debtor. The statutory protection in § 542(c) is not available to Holiday.

11 U.S.C.S. § 542 provides in part:

(a) Except as provided in subsection (c) or (d) of this section, *an entity*, other than a custodian, *in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title*, or that the debtor may exempt under section 522 of this title, *shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.*

\* \* \* \* \* \*

(c) Except as provided in section 362(a)(7) of this title, an entity that has *neither actual notice nor actual knowledge* of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effects as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.

11 U.S.C.S. § 542(a) and (c) (1986) (emphasis added).

Holiday Corporation Savings and Retirement Plan is an "entity." 11 U.S.C.S. § 101(14). Holiday is not a "custodian." 11 U.S.C.S. § 101(10) (1985). Holiday was in possession of property of the estate—vested pension benefits—that the trustee could use under § 363 of the Code. The debtor's vested pension benefits were not of inconsequential value. Under § 542(a), Holiday had a statutory duty to deliver the debtor's vested benefits to the trustee.

The protection of transferors in 11 U.S. C.S. § 542(c) is not available to Holiday because the plan had notice of this bankruptcy case and of the trustee's interest in the debtor's benefits. By letters to and from counsel for Holiday dated January 30, 1987, February 20, 1987, April 6, 1987, etc., Holiday was informed of the bankruptcy filing, aware of the trustee's interest in the debtor's pension benefits and fully on notice as contemplated in § 542(c).

Holiday argues that actual notice or knowledge is insufficient to forfeit the pro-

---

**4.** 11 U.S.C.S. § 362(a)(3) prohibits any entity "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C.S. § 362(a)(3) (1985). This individual Chapter 7 debtor is an entity for purposes of § 362. *See* 11 U.S.C.S. §§ 101(35) and 101(14) (Supp.1988).

tection in § 542(c) because the bankruptcy trustee failed to make demand upon the plan for payment of the debtor's benefits. There is no support for Holiday's assertion of an "actual demand" requirement in § 542(c)—the section is worded in terms of notice and knowledge—Holiday had both. "There is no requirement in the Code that the trustee make demand, obtain a court order, or take any further action in order to obtain a turn over of the estate's property. Failure of an entity to do so, after notice of the estate's interest in property held by it, is probably contemptuous." *Fitzgerald v. Internal Revenue Service (Matter of Larimer)*, 27 B.R. 514, 516 (Bankr.D.Idaho 1983). *See also Borock v. Bidlofsky (In re Bidlofsky)*, 57 B.R. 883, 900 (Bankr.E.D. Mich.1985). Moreover, the correspondence with Holiday by debtor's counsel and by the trustee are tantamount to actual demand in that no reasonable reader of these letters could conclude anything but that the trustee asserted a right to the debtor's vested benefits.

Holiday argues it would be inequitable to require it to twice pay the monies paid to the debtor. Holiday would graft on to § 542(c) an equitable exception to what is already the statutory codification of an equitable exception announced by the Supreme Court in *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). Under the former Bankruptcy Act, § 70(d), 11 U.S.C.S. § 110, defined the protections afforded transfers of property to, by or on behalf of a bankrupt. Clause five of § 70(d) stipulated "except as otherwise provided in this subdivision and in subdivision (g) of § 21 of this Act, no transfer by or in behalf of the bankrupt after the date of bankruptcy shall be valid against the trustee." In *Bank of Marin,* a divided Supreme Court identified an additional "equitable" exception, holding that it would be inequitable to require a drawee bank to compensate the trustee for paying checks that were issued by a bankrupt prior to filing and presented to and honored by the bank after adjudication where the bank had no notice of the bankruptcy case. A version of the *Bank of Marin* "no no-

tice" exception to the recovery of certain transfers of property of the estate was codified as § 542(c) of the 1978 Reform Act. Holiday had actual notice. It is not entitled to broader relief than that codified in § 542(c).

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that the trustee's motion for summary judgment is granted.

IT IS SO ORDERED.