PER CURIAM:
 

 A member of the New York City Employees’ Retirement System (NYCERS or the Retirement System) contributes to his annuity savings fund by authorizing NYCERS to deduct an actuarially determined amount from his weekly paycheck. Membership in this organization entitles a City employee to obtain a loan from the Retirement System, but the amount of the allowance cannot exceed fifty percent of the employee’s previous contributions to the fund. In effect, this disbursement is an advance against the member’s future retirement benefits. Nonetheless, the New York City Administrative Code requires a member to repay the loan, with interest, through payroll deductions in excess of the member’s ordinary contribution.
 
 [1]
 
 If a member fails to replenish the fund before he retires, his benefits are reduced by the amount of the outstanding balance. Similarly, if a member resigns from his employment with the City, the unpaid amount is deducted from the sum he was due to receive from the Retirement System.
 

 In January 1980, Dennis Villarie, an employee of the New York City Sanitation Department, borrowed $670 from the annuity fund. When interest charges and his previous withdrawals were added to this amount, Villarie’s obligations totalled $2776.76. Since this sum equalled one-half of his previous contributions to the fund, he could not secure further advances from NY-CERS. The Retirement System proceeded to recoup this amount by increasing the deductions from Villarie’s weekly compensation to $16.87 for 182 weeks. Six weeks later, however, Villarie and his wife, Gail Ann, filed a joint petition in bankruptcy, thereby automatically staying these recoup-ments.
 
 See
 
 11 U.S.C. § 362. The Villaries listed NYCERS as a secured creditor in their petition and included the advance they had received from the fund in the schedule of obligations they intended to repay.
 

 Shortly thereafter, NYCERS commenced the instant proceeding pursuant to 11 U.S.C. § 105 for a declaration that the advance was not a “debt” under the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and therefore could not be discharged in bankruptcy. NYCERS also requested an order allowing it to resume deducting $16.87 from Villarie’s paychecks. Bankruptcy Judge Radoyevich, to NYCERS’s surprise, ruled that the advance was a debt and was therefore discharged. He ordered that NYCERS not deduct any extra amounts from Villar-ie’s wages, and decreed that the actuarial equivalent of the unpaid balance of the loan
 
 *812
 
 would be deducted from any benefits Vil-larie would otherwise have received from the fund. NYCERS asked Judge Pratt to review this decision, which he thereafter affirmed. This appeal followed.
 

 It was well settled under the old Bankruptcy Act that two analogous transactions failed to give rise to a debtor-creditor relationship: an annuitant’s withdrawal from the savings account of his annuity fund, see
 
 In re Vanhook,
 
 12 C.B.C. 68 (S.D.N.Y.1977) (Babitt, B. J.); and an insured’s advance from the reserve fund of his insurance policy, see
 
 Orleans Parish v. New York Life Insurance Co.,
 
 216 U.S. 517, 30 S.Ct. 385, 54 L.Ed. 597 (1910). The Act’s definition of “provable debt” did not encompass such situations, because in both instances the acquirer had merely borrowed back his own money; he was not liable to the lender for repayment. The lender’s only remedy was to deduct the unpaid portion of the amount advanced from any benefits the borrower was to receive.
 

 The 1978 Bankruptcy Code abandons the concept of “provability,” substituting instead new definitions of “claim” and “debt.” A claim is a “right to payment ....” 11 U.S.C. § 101(4XA). A debt is simply “liability on a claim.”
 
 Id.
 
 at § 101(11). The two concepts are thus coterminous. The Notes of the Committee on the Judiciary, Sen.Rep.No.95-989,
 
 reprinted in
 
 11 U.S.C.A. § 101, at 36 (1979), summarize the Code’s treatment of advances on life insurance policies:
 

 the loan is not a claim (it is not a right to repayment) that the [insurance] company can assert against the estate; nor is the debtor’s obligation a debt (a liability on a claim) that will be discharged under proposed 11 U.S.C. 523 or 524.
 

 Nevertheless, Judge Radoyevich determined that the Code required a different result in the case of a loan from the NY-CERS annuity fund. He interpreted § B3-28.0 of the NYC Administrative Code to require Villarie to repay the money he had borrowed. Judge Radoyevich reasoned, therefore, that this provision established a “claim” in NYCERS’s favor and that this transaction did create a “debt” that was dischargeable in bankruptcy.
 

 The error in this syllogism was in the Bankruptcy Judge’s interpretation of the Administrative Code. Notwithstanding § B3.28.0’s multiple use of the word “shall,”
 
 see
 
 note 1,
 
 supra,
 
 this provision merely directs NYCERS to deduct additional sums from a member’s paycheck. It does not give NYCERS the right to sue a member for the amount of the advance. Indeed, should a member retire or resign from the City’s employ, NYCERS would merely offset the amount borrowed against his future benefits. In the language of 11 U.S.C. § 502(b), this “claim is unenforceable against the debtor . . .. ” Therefore, it cannot give rise to a debt that can be discharged in bankruptcy.
 

 Accordingly, the order below is reversed. NYCERS may deduct from Villarie’s weekly compensation an amount sufficient to recoup the advance.
 

 [1]
 

 . Section B3-28.0 of the Administrative Code of the City of New York provides, in pertinent part:
 

 The amount so borrowed, together with interest on any unpaid balance thereof shall be repaid to the retirement system in equal installments by deduction from the compensation of the member at the time the compensation is paid....
 

 Subdivision c of this section provides further that:
 

 the additional deductions required to repay the loan shall be made, and the interest paid on the loan shall be credited to the proper funds of the retirement system. The actuarial equivalent of any unpaid balance of a loan at the time any benefit may become payable shall be deducted from the benefit otherwise payable....