In the Matter of Edward F.
CARPENTER, Debtor.

Bankruptcy No. 81–06266.

United States Bankruptcy Court,
D. New Jersey.

May 12, 1982.

Linda Irene-Greene, Teaneck, N. J., for debtor.

John J. Scura, Wayne, N. J., Standing Chapter 13 Trustee.

Carl R. Baldwin, New York City, for Teachers' Retirement System.

OPINION

VINCENT J. COMMISA, Bankruptcy Judge.

This matter is before the Court on the application of the debtor to confirm a Chapter 13 plan. Appearing and objecting to confirmation of the plan is the New York City Teachers' Retirement System (hereafter Retirement System).

The debtor, Edward F. Carpenter, is employed as a vice principal in the New York City school system and has sought relief under Chapter 13 of the Bankruptcy Code.

On October 20, 1981, Carpenter filed a Chapter 13 petition, a Chapter 13 statement of affairs and Chapter 13 plan providing for payment of 100% of all of his debts. The plan provided for the payment of $440.00 per month for a period of sixty (60) months. Excepted from the plan is an obligation to repay certain loan advances secured from the Retirement System fund. That obligation in the sum of $9,000.00 is being repaid from Carpenter's salary by monthly deduction in the amount of $183.57.[1] The debtor's plan provides for the suspension of the monthly deduction payments until the Chapter 13 plan has been completed. Thereafter the deductions would resume until that obligation is fully satisfied.

The debtor's Chapter 13 statement of affairs, presently shows Carpenter's net salary income of $1,193.59 per month after deducting the $183.57 for the loan advance repayment. In addition, the debtor's income is supplemented by a daughter's monthly contribution of $225.00 per month. Thus, the debtor has a net income of $1,418.59 per month.

---

1. The system asserts that the amount owed is $10,241.70 and the monthly deductions are $248.85.

The debtor has submitted a budget listing all living expenses necessary to maintain himself and his family. The budget of monthly living expenses amounts to $1,093.00 and is a modest one which has the approval of the Chapter 13 trustee and the Court. Deducting the $1,093.00 from his net income of $1,418.59 leaves a total of $325.59 per month for distribution to creditors. Thus, unless Carpenter is allowed to use the Retirement System monthly deduction of $183.57, he will be unable to make the $440.00 monthly payments and effectuate full repayment of his creditors under the plan.

The general unsecured creditors are owed a total of $23,113.53. Carpenter owns a home upon which is an unpaid mortgage balance of approximately $29,500.00. The plan provides for monthly mortgage payments of $390.00 per month to be made by Carpenter directly to the bank holding said mortgage. The $390.00 monthly mortgage payments are reflected in the monthly living expenses budget submitted herein. The third class of obligations listed is the sum of approximately $9,000.00 owed to the Retirement System.

The administration of the Retirement System is governed by the provisions of the New York City Administrative Code which provides that a member of the Retirement System may borrow from the Retirement System an amount not exceeding fifty (50%) per cent of the contributions he or she has made to the system. The contributions consist of deductions for the members retirement fund and contributions to a variable annuity fund which was established to permit a member to elect that some of his deductions be placed in the variable annuity fund for investment purposes. The New York City Administrative Code further provides that any such loans must be paid within four (4) years through payroll deductions. If a member retires or resigns before he or she has completed repayment of the loan, the actuarial equivalent of any unpaid balance is deducted from any benefit otherwise due him.

The basic purpose in enacting the Bankruptcy Code is to insure debtors the opportunity to secure a fresh start in life. Chapter 7, the liquidating chapter, provides that a trustee shall collect all of the debtor's assets, reduce them to cash and distribute said cash among all of the debtor's eligible creditors.

Chapter 13 provides an alternative to liquidation. It provides a vehicle whereby a debtor may pay all or part of his allowed debts out of his or her future earnings or wages. S.Rep.No.989, 95th Cong., 1st Sess. 141, reprinted in [1979] U.S.Code Cong. & Ad.News 5878, 5927.

The Bankruptcy Code provides that with the commencement of a Chapter 13 proceeding, an estate is created which consists of; (1) all property specified in Section 541, which includes "all legal and equitable interests of the debtor in property as of the commencement of the case" (2) all property specified in Section 1306, which includes all of the property of the kind specified in Section 541 that the debtor acquires after the filing of the Chapter 13 petition but before the proceedings are terminated, and (3) "earnings from services performed by the debtor after the commencement of the case" until such time as the Chapter 13 proceeding is terminated. See *In re Shepherd,* 12 B.R. 151 (D.C.E.D.Pa.1981).

Section 1322 which deals with the contents of a plan contains three mandatory provisions, the first of which provides as follows:

"The plan shall—

1. provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;"

Clearly then the debtor must submit to the Chapter 13 trustee's control and supervision as much of his estate as is necessary to complete the plan.

In objecting to confirmation, the Retirement System relies upon the provisions of Section 1327(a) which provides that "the provisions of a confirmed plan bind the debtor and each creditor . . ." and since the

Retirement System is not a creditor, any order issuing out of the Bankruptcy Court would not be binding upon it.

In support of its contention, the Retirement System relies upon the case of *In re Villarie*, 648 F.2d 810 (2nd Cir. 1981) which held that a loan transaction exactly the same as this one did not create a debtor-creditor relationship nor was the loan a "debt" or "claim" dischargeable in bankruptcy. The Court in that matter determined that the member of the Retirement System merely borrowed from himself and the transaction did not create a "debt."

In granting the Retirement System the right to continue to deduct from the debtor's salary sums for repayment of a loan, the *Villarie* Court did not address itself to the apparent conflicts between the provisions of the New York City Administrative Code, which direct the loan payroll deductions, and the provisions of the Bankruptcy Code.

Here if the Retirement System is allowed to continue making payroll deductions to repay the loan, it would be usurping the Chapter 13 trustee's right and duty to supervise and control such part of the Chapter 13 estate which is necessary to complete the confirmed plan. There is no provision in the Bankruptcy Code which would allow any entity, especially one who is not a creditor to control a debtor's future earnings in Chapter 13 proceedings. This right to control and supervision is specifically vested in the Chapter 13 trustee by the provisions of Section 1322.

While the loan may not be a "debt" or a "claim" giving rise to a debtor-creditor relationship, the clear fact is that by allowing the deductions to continue, the Court would be granting the Retirement System the right to exercise control over the debtor's future wages.

In examining the entire transaction, this Court has considered the strong public policy of protecting retirement benefits and retirement systems. To that end, the Court is satisfied that the obligation created by the loan advance is not dischargeable. Here there is no desire to do so nor do the terms of the Chapter 13 plan so provide. There is no danger of destruction of the Retirement System because its very provisions provide that any benefits eventually received by the member are reduced by the amount of the unpaid loans. Since the member is limited to borrowing fifty (50%) per cent of his contributions, there is no danger that the member will be left with no retirement benefits. As to that part of the members contributions to the investment annuity fund the important question is raised. Should a member who is also a Chapter 13 debtor be allowed to maintain and build up an investment fund and insulate it from his present creditors?

Here all the debtor seeks is the opportunity to repay all creditors one hundred (100%) per cent of all allowable claims. He does not seek to compromise any claims or pay any of his creditors less than is due them. To achieve that end, he wishes to postpone repayment of the pension system loan. He cannot repay it on a par with his other creditors as that obligation is neither a "debt" nor a "claim" and cannot be dealt with in a Chapter 13 proceeding. Nor does the Retirement System desire that it be included in a Chapter 13 plan.

The position taken by the Retirement System seems to disregard the strong public policy that all debtors are to be given a fresh start in life, especially when they are desirous of pay off all of their obligations in full. The debtor here realizes that if for some unforeseen reason the loan is not repaid, he will be depriving himself of future benefits as they will be reduced by the amount of the unpaid loan. He does not seek to benefit himself at the expense of his creditors or the Retirement System.

The Retirement System contends that the provisions of the New York City Administrative Code which provides that advances from the Retirement System must be repaid within four (4) years by payroll deductions must be complied with. To do so would be granting them the right to control the debtor's property. This position conflicts with the provisions of the Bankruptcy Code which places total supervision and

control in the Chapter 13 Trustee. Where enforced compliance with a state or city law conflicts with and frustrates the purpose of the Bankruptcy Code, the state or city law will not be enforced. *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). *In re Jacobsmeyer,* 13 B.R. 298 (Bkrtcy.W.D.Mo.1981).

In order to conform to the provisions of the Bankruptcy Code, the Chapter 13 plan should be amended to provide for the turnover of $125.00 per month from the sums being deducted to repay the loan. This amount is exactly what is necessary for the execution of the plan. 11 U.S.C. § 1322(a)(1). The balance of the deducted amount may be applied to reduce the outstanding Retirement System loan.

Submit an order conforming to the above Opinion.