**In re John Coleridge SCHLEIFER, Debtor.**

**Bankruptcy No. 392–00021.**

United States Bankruptcy Court, D. Virgin Islands, D. St. Thomas and St. John.

July 26, 1994.

Terryln M. Smock, St. Thomas, VI, for Government Employees Retirement System.

John C. Schleifer, pro se.

### MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

On October 5, 1992, John Coleridge Schleifer ("Debtor") obtained a Chapter 7 discharge pursuant to Section 727 of the Bankruptcy Code (Title 11, United States Code). Debtor's case was closed on October 6, 1992. Pending before the court is a *pro se* motion by the debtor to reopen the bankruptcy case to determine the dischargeability of certain debts. For the reasons stated below, the relief requested is denied.

### I. FACTS

The debtor has been employed by the Government of the Virgin Islands since before the filing of his bankruptcy petition. As a condition of such employment, the debtor is required to participate in the "Employees Retirement System of the Government of the Virgin Islands" ("System").[1] The System is a retirement and benefit plan for officials and

---

1. The following persons shall be included as members:

. . . .

(b) Any person who becomes an employee on or after the date of establishment [September 30, 1959] shall become a member as a condition of employment, provided such persons is under age

employees of the Government of the Virgin Islands and for their dependents and beneficiaries. The System allows its members to borrow against their contributions and statutorily defines the period and method of repayment. Additionally, in the event that a member separates from government service, the balance due on the loan, and any accrued interest thereon, shall be deducted from any refund of contributions, annuity, death benefit or any other benefit due to the member or to his beneficiary.[2]

During the course of his employment, Debtor borrowed funds from the System. After the debtor received his Chapter 7 discharge, he attempted to secure additional amounts from the System. The System refused to lend the debtor any more funds. As of late April, 1994, the debtor had an outstanding principal balance of approximately $4,596.31. The System continues to automatically deduct loan repayments from his pay and his biweekly salary deduction is $70.90. As a result, debtor has moved to reopen his bankruptcy case, seeking this court to declare that the loan from the System was a debt discharged in the Chapter 7 Bankruptcy proceeding, and requiring the System, therefore, to discontinue the automatic salary deductions it continues to make.

## II. DISCUSSION

■ In *In re Villarie*, 648 F.2d 810 (2d Cir.1981), the United States Court of Appeals for the Second Circuit was faced with a situation quite analogous to the one *sub judice*. In *Villarie*, the debtor was a member of the New York City Employee's Retirement System ("NYCERS") and contributed to his annuity savings fund by authorizing NYCERS to deduct an actuarially determined amount from his weekly paycheck. *Villarie*, 648 F.2d at 811. Membership in NYCERS entitled the debtor to obtain a loan, but the amount of the allowance was not to be greater than fifty percent of the debtor's previous contributions to the fund. *Id.* at 811. In effect, this loan was an advance against the debtor's future retirement benefits. *Id.* Nonetheless, the New York City Administrative Code required the debtor to repay the loan, with interest, through payroll deductions in excess of the member's ordinary contribution. *Id.* If a member of NYCERS failed to replenish the fund before they retired, their benefits were to be reduced by the amount of the outstanding balance. *Id.* Similarly, if a member resigned from their employment with the City of New York, the unpaid amount was to be deducted from the sum they were due to receive from NYCERS. *Id.*

The Court of Appeals held that a loan from NYCERS to a member does not constitute a "debt" that can be discharged in bankruptcy. Therefore, NYCERS could continue to de-

55 on the date of appointment. Contributions by such person shall begin upon completion of one year of service, provided that he shall be eligible for duty disability and death benefits from the first day of service subject to the qualifying conditions prescribed for the payment of such benefits. A member shall have the option of contributing for the one year waiting period, without interest, for the purpose of receiving pension credit for such year provided that such option is exercised within three years from the date of completion of one year of service.

3 V.I.C. § 703(b).

**2.** Personal loans to members of the system. Subject to such rules and regulations that the Board may prescribe, any member of the system who has contributed for at least 2 years shall have the privilege of borrowing from the retirement system, provided that a member shall not have more the 2 loans in a fiscal year. The amount which any member may borrow shall not exceed seventy-five (75%) percent of the mem-

ber's contribution credits in the system and shall not, in any event, exceed the sum of $15,000. In case of separation from service for any reason, including death or disability of the member, the balance due on the loan and any accrued interest thereon, shall be deducted from any refund of contributions, annuity, death benefit or any other benefit due to the member or his beneficiary. This rate shall include a charge for insurance on loans against death or total permanent disability, which development shall effect a cancellation of any unpaid balance of a loans and any accrued interest thereon. The principal amount, together with interest thereon, shall be repaid to the system in installments at least equal to 5 percent of the member's salary and at a rate that will effect repayment of the loan before the member attains the retirement age. Such repayments shall be deducted from the salary of the member at the same time and in the same manner as the member's contributions to the system are deducted.

3 V.I.C. § 717(b)(10).

duct from the member's weekly compensation an amount sufficient to recoup the advance to the member, notwithstanding the member's filing of bankruptcy. *Id.* at 811. Reasoning that only "debts" could be discharged in bankruptcy, the court turned to the definitions found in 11 U.S.C. § 101. Section 101(12) of the Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). Turning to section 101(5)(A), the Code defines a "claim" as a "right to payment ..." 11 U.S.C. § 101(5)(A).

Noticing that the New York City Administrative Code did not give NYCERS the right to sue a member for the amount of the advance,[3] and that NYCERS could only offset the amount borrowed against future benefits, the court concluded that the "claim [was] unenforceable against the debtor ..." within the context of 11 U.S.C. § 502(b).[4] *Villarie*, 648 F.2d at 811. Because only "debts" can be discharged in bankruptcy, and because the circuity of the definition of "debt" requires an enforceable "right to payment," the NYCERS loan provisions did not give rise to a debt that could be discharged in bankruptcy. *Id.* Consequently, the Court of Appeals held that NYCERS could continue to deduct from the debtor's weekly compensation an amount sufficient to recoup the advance. *Id.*

As in *Villarie*, the debtor in the instant case is required to participate in the System pursuant to 3 V.I.C. § 703(b). Membership in the System entitles the debtor to obtain a loan pursuant to 3 V.I.C. § 717(b)(10). Section 717(b)(10) provides, "In case of separa-

tion from service for any reason, including death or disability of the member, the balance due on the loan and any accrued interest thereon, shall be deducted from any refund of contributions, annuity, death benefit or any other benefit due to the member or his beneficiary." 3 V.I.C. § 717(b)(10).

This court does not find that 3 V.I.C. § 717(b)(10) authorizes the System, upon severance of the employment relationship, to sue the debtor for the amount of any outstanding portion of an advance, but merely authorizes the System to offset the outstanding amount against future benefits. Consequently, as in *Villarie*, the statutory provisions governing the loan do not give the System a "right to payment". Without such a right, the System cannot hold a valid claim in the debtor's bankruptcy estate as defined in Section 101(5)(A). Without an enforceable claim, the advance from the System is not properly dischargeable in bankruptcy.

■ Additionally, this court is of the opinion that the employment relationship between the Virgin Islands Government and the debtor can be viewed as. an executory contract that was assumed by the debtor in his bankruptcy. By virtue of the fact that the debtor remained an employee of the Virgin Islands Government, the debtor assumed the statutorily defined conditions of his employment.

The statutory conditions, such as 3 V.I.C. § 717(b)(10), require, "The principal amount, together with interest thereon, shall be repaid ... Such repayments shall be deducted from the salary of the member at the same

---

**3.** Section B3–28.0 of the Administrative Code of the City of New York provides, in pertinent part:

> The amount so borrowed, together with interest on any unpaid balance thereof shall be repaid to the retirement system in equal installments by deduction from the compensation of the member at the time the compensation is paid ...

Subdivision c of this section provides further that:

> the additional deductions required to repay the loan shall be made, and the interest paid on the loan shall be credited to the proper funds of the retirement system. The actuarial equivalent of any unpaid balance of a loan at the time any benefit may become payable shall be deducted from the benefit otherwise payable....

**4.** § 502. Allowance of claims or interests

> ....
>
> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

time and in the same manner as the member's contributions to the system are deducted." 3 V.I.C. § 717(b)(10). It is this court's finding that as long as the debtor remains in the employ of the Virgin Islands Government he must abide by the statutes regarding his employment relationship.

## III. CONCLUSION

Upon careful consideration, and for the reasons stated above, the court concludes that the debtor's advance from the Government Employees Retirement System was not a debt that is properly dischargeable in bankruptcy. Therefore, the debtor's motion to reopen his bankruptcy case is denied.