**In re Luisa V. ANES, Debtor.**

**In re Robert TIERNEY, Beverly Tierney, Debtors.**

**Bankruptcy Nos. 5–96–01806, 5–96–01807.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

Jan. 22, 1998.

John DiBernardino, Lehighton, PA, for Debtors.

Charles DeHart, Hummelstown, PA, Trustee.

## *OPINION AND ORDER*

JOHN J. THOMAS, Bankruptcy Judge.

The Trustee has objected to two Chapter 13 Plans filed in the above-captioned cases. Because of the similarity of issues raised by the objections, they are both being disposed of in this Order.

Both Chapter 13 Plans provide for a zero payment to unsecured creditors. In both instances, the Debtors are deducting from their income, repayments of loans from their respective pension plans.

To the extent that this Court has been provided those pension plans, it appears that repayments, if not made by the Debtors in the ordinary course of their employment, will be deducted from the eventual pension benefit that they receive.

The Trustee objects to confirmation of both Chapter 13 Plans pursuant to 11 U.S.C. § 1325(b)(1)(B) which provides that "all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan."

The Code goes on to state that " 'disposable income' means income which is received by the debtor and which is not reasonably necessary to be expended (A) for the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2)(A).

The Trustee reasons that repayment of these borrowings from the Debtors' pension plans is nothing more than reestablishing the "savings" that originally occurred during the course of Debtors' employment. The Trustee maintains that the pension plans are no more than accounts from which the Debtors

515

withdraw money; that the so-called loans are not debts as that term is defined under the Bankruptcy Code.

The Debtors, on the other hand, argue that repayments of the "loans" are mandatory under the provisions of the pension plans and must be deducted from the Debtors' wages as long as the Debtors are employed.

The Court has come to the conclusion that the Trustee's position is well supported by the case law developing in this area. See, for example, *In re Harshbarger,* 66 F.3d 775 (6th Cir.1995); *New York City Employees' Retirement System v. Villarie,* 648 F.2d 810 (2d Cir.1981); *In re Fulton,* 211 B.R. 247 (Bankr. S.D.Ohio 1997); *In re Delnero,* 191 B.R. 539 (Bankr.N.D.N.Y.1996); *In re Goewey,* 185 B.R. 444 (Bankr.N.D.N.Y.1995); *In re Scott,* 142 B.R. 126 (Bankr.E.D.Va.1992); *In re Jones,* 138 B.R. 536 (Bankr.S.D.Ohio1991); *In re Festner,* 54 B.R. 532 (Bankr.E.D.N.C. 1985).

The Debtors' position that mandatory repayment of the pension "borrowings" requires that this expense be deducted from Debtors' income has been specifically addressed and discounted in the *Matter of Carpenter,* 23 B.R. 318 (Bankr.D.N.J.1982).

Because I agree with the Trustee's position, the Trustee's objections to the Chapter 13 Plans are sustained and the Debtors are ORDERED to file an Amended Plan within thirty (30) days of this Order.