**In re Ernest GILLIAM and Maxine Gilliam, Debtors.**

**Bankruptcy No. 97–9006–RLB–13.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

April 28, 1998.

Robert A. Brothers, Indianapolis, IN, Chapter 13 Trustee.

Chad C. Duran, UAW Legal Services Plan, Indianapolis, IN, for Debtor.

## ENTRY ON OBJECTION TO CONFIRMATION

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Objection to Confirmation (the "First Objection to Confirmation"), filed by Robert A. Brothers, Trustee (the "Trustee") on October 22, 1997, and on the Renewed Objection to Confirmation (the "Renewed Objection to Confirmation"), filed by the Trustee on December 31, 1997 (the two objections are hereinafter referred to collectively as the "Objection to Confirmation"). Ernest Gilliam and Maxine Gilliam (the "Debtors") filed a response to the First Objection to Confirmation ("Response") on October 23, 1997. A hearing on the First Objection to Confirmation and Response was held on January 7, 1998, and a hearing on the Renewed Objection to Confirmation was held on March 24, 1998. The Court, having reviewed the Objection to Confirmation, the Response, and the matters presented at the January 7, 1998 hearing and the March 24, 1998 hearing, now makes the following Entry.

The Debtors filed a petition under Chapter 13 on August 7, 1997. The Debtors filed an amended Chapter 13 Plan (the "Amended Plan") on December 9, 1997.[1] The Debtors have included in their monthly budget a payment of $190.00 per month to Mr. Gilliam's pension plan (the "Pension Plan"), to repay a loan that Mr. Gilliam received from his pension plan prior to the Debtors' bankruptcy filing.

The Debtors' proposed payment to the Pension Plan has caused the instant dispute between the parties. The Trustee argues that the $190.00 per month that the Debtors propose to pay to the Pension Plan is disposable income, and must be paid to unsecured creditors, in order to meet the Section 1325(b)(1)(B) "best effort test" (hereinafter referred to as the "best effort test"). The Debtors argue that the proposed $190.00 payment to the Pension Plan should not be characterized as disposable income. In the alternative, the Debtors argue that even if the $190.00 is deemed to be disposable income, by extending their plan beyond 3 years, the Debtors have ensured that their unsecured creditors will receive a dividend

---

1. In the Amended Plan, the Debtors propose to make the following payments:

Weekly payments of $201.47 for 156 weeks for a Plan base of $31,429.32.

Additionally, Debtors owe $3800.00 to Mr. Gilliam's retirement account. Discharge of this debt would create income tax liability in the amount of $1596.00. Therefore, Debtors propose to extend their Chapter 13 Plan 26 weeks or $5320.00 for a total Plan base of $36,749.32 to provide the unsecured creditors with the same dividend as if the retirement loan was discharged.

equal to the dividend they would have received, had the Debtors elected to *not* repay the Pension Plan loan.

■■■ Section 1325(b) provides that if unsecured creditors are to be paid less than 100% of their claims, a debtor's plan must provide for payment of all of the debtor's projected "disposable income" into the plan for three years.

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

. . . .

(B) the plan provides that *all of the debtor's projected disposable income to be received in the three-year period* beginning on the date that the first payment is due under the plan *will be applied to make payments under the plan.*

(2) For purposes of this subsection, 'disposable income' means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor. . . .

(emphasis added). If the plan proposed by a debtor cannot meet the best effort test, the plan cannot be confirmed.

Several courts, including the Sixth Circuit, have held that repayment of a loan to a retirement or pension plan by a Chapter 13 debtor, where unsecured creditors will receive less than 100% payment, violates the Section 1325(b)(1)(B) best effort test. *See In re Harshbarger,* 66 F.3d 775 (6th Cir.1995)(holding that repayment of loan from profit sharing account does not satisfy best effort test). *See also In re Anes,* 216

B.R. 514 (Bankr.M.D.Pa.1998)(repayment of loan to pension plan does not satisfy best effort test); *In re Fulton,* 211 B.R. 247 (Bankr.S.D.Ohio 1997)(repayment of loan to retirement account does not satisfy best effort test); *In re Delnero,* 191 B.R. 539 (Bankr.N.D.N.Y.1996)(repayment of loan to retirement plan does not satisfy best effort test); *In re Goewey,* 185 B.R. 444 (Bankr.N.D.N.Y.1995)(repayment of loan to retirement account does not satisfy best effort test); *In re Scott,* 142 B.R. 126 (Bankr.E.D.Va.1992)(repayment of loan to pension plan does not satisfy best effort test); *In re Jones,* 138 B.R. 536 (Bankr.S.D.Ohio 1991)(debtor cannot make payments under Chapter 13 plan to repay retirement fund loan, while paying other creditors less than 100%). The Court's research indicates that only one court has held that a Chapter 13 debtor can repay a loan from his retirement plan, without violating the best effort test. *In re Buchferer,* 216 B.R. 332 (Bankr.E.D.N.Y.1997)(debtor's nonrecourse pension plan loans were "debts" within the meaning of the Bankruptcy Code, and debtors could repay loans from postpetition disposable income).

■■■ Having reviewed the case law, the Court concludes that the proposed $190.00 monthly payment to the Pension Plan is *not* "reasonably necessary to be expended for the support" of the Debtors, and violates the Section 1325(b)(1)(B) best effort test.[2] The Court supports the analysis set out in *Harshbarger, Anes, Fulton, Delnero, Goewey, Scott,* and *Jones,* and declines to adopt the *Buchferer* analysis.[3]

■■■ The Debtors' proposal to extend the Amended Plan beyond 3 years, does not save the Amended Plan from failing to meet the

---

**2.** Having concluded that the Amended Plan does not meet the Section 1325(b)(1)(B) best effort test, the Court need not reach the issue of whether the loan that the Debtors took from the Pension Plan was, for bankruptcy purposes, an enforceable "debt". *See In re Villarie,* 648 F.2d 810 (2nd Cir.1981)(loan from retirement plan does not constitute a "debt"); *In re Jones,* 138 B.R. 536 (Bankr.S.D.Ohio 1991)(loan from retirement plan does not constitute a "debt"). *But see In re Buchferer,* 216 B.R. 332 (Bankr. E.D.N.Y.1997)(loan from pension plan is a

"debt" that can be repaid under Chapter 13 plan).

**3.** The Court notes that in *Buchferer,* the bankruptcy court failed to follow existing Second Circuit precedent, *i.e., In re Villarie,* 648 F.2d 810 (2nd Cir.1981)(holding that a loan from a state-sponsored retirement system does not constitute a "debt" that can be discharged in bankruptcy). Moreover, the bankruptcy court in *Buchferer* was addressing a state retirement statute, unlike the statute in issue here.

Section 1325 requirements for confirmation. Section 1325(b)(1)(B) clearly requires that all of a debtor's disposable income, *for the three-year period beginning with the first payment due under the plan,* be paid into the plan. Section 1325(b)(1)(B) could have provided, but does not provide, that all of the debtor's disposable income, *for three years or any relevant extended payment period,* be paid into the plan.

The Court further notes that allowing a plan to run past three years, as the Debtors have proposed, creates a significant opportunity for a debtor to do mischief. As the *Fulton* court noted,

> After the borrowed funds are restored to the pension fund, there is nothing to prevent the debtors from seeking an early exit from the Chapter 13 proceedings. Debtors in these cases would be placed in an unfairly advantageous position while creditors would be deprived of access to perhaps the estate's most valuable asset-the debtor's potential earnings-which consists of disposable income not being used for support of the debtor or the debtor's dependent. This is a result which contravenes fairness principles repeated throughout the bankruptcy laws and is one which Congress clearly did not intend.

*Fulton,* 211 B.R. at 260.

For all the foregoing reasons, the Trustee's Objection to Confirmation should be sustained.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Confirmation be, and hereby is, SUSTAINED.