### In the Matter of Patrick Joseph ALIFFI, Debtor.

#### No. 01–42546.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

May 21, 2002.

R. Brandon Galloway, Pooler, GA, for Debtor.

James Jurich, Staff Attorney, Office of the Chapter 13 Trustee, Savannah, GA, for Trustee.

### *MEMORANDUM AND ORDER ON TRUSTEE'S OBJECTION TO CONFIRMATION*

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

The question before the Court is whether a plan which provides for repayment of a pre-petition 401K loan in a less–than–100% Chapter 13 case is confirmable. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(L), and, in accordance with Bankruptcy Rule

7052(a) makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Debtor Patrick Joseph Aliffi ("Debtor") filed his Chapter 13 case on August 24, 2001. At a confirmation hearing on March 12, 2002, the Chapter 13 Trustee ("Trustee") objected to confirmation of Debtor's plan. Specifically, Trustee challenged a plan provision whereby Debtor would repay a pre-petition loan from his 401k retirement fund in monthly installments of $128.05, while paying a pro-rata dividend to unsecured creditors.

The issue involves characterization of the funds proposed to be repaid to Debtor's retirement account. Trustee's position is that the proposed repayment amount constitutes disposable income which Debtor proposes to apply to a purpose not reasonably necessary for the maintenance or support of Debtor.

Debtor's position is that the proposed repayment should be deemed a secured debt which may be paid in full pursuant to a Chapter 13 plan. Debtor reasons as follows: A debt is a liability on a claim. § 101(12). A claim is either a right to payment or a right to an equitable remedy arising from a right to payment. § 101(5). A "claim against the debtor includes claim against the property of the debtor." § 102(2). A debtor's 401K loan is a debt which can be enforced against that debtor's interest in his retirement account by the retirement system. As a result, Debtor believes he should be permitted to repay his 401K debt as part of a confirmed Chapter 13 plan.

The majority of courts have rejected Debtor's position. The Third and Sixth Circuits held that funds proposed to be used voluntarily to repay a loan to a debtor's retirement account constitute a use of disposable income that is precluded by the Bankruptcy Code. *See Anes v. Dehart (In re Anes)*, 195 F.3d 177, 180–81 (3d Cir. 1999) (discussing § 1325(b)(1) & (2)) (observing that practical effect of such repayment was to increase debtors' retirement benefits rather than to repay retirement systems or ensure viability of pension systems); *Harshbarger v. Pees (In re Harshbarger)*, 66 F.3d 775, 778 (6th Cir.1995) (holding that funds for repaying loan were not part of exempt retirement estate). Most of the bankruptcy courts that have addressed the issue concur. *E.g., In re Esquivel*, 239 B.R. 146, 152 (Bankr. E.D.Mich.1999) (noting "clear consensus" that loan from individual's retirement account does not give rise to "claim" or "debt" in bankruptcy); *In re Devine*, 1998 WL 386380, *8 (Bankr.E.D.Pa.1998); *In re Gilliam*, 227 B.R. 849, 851 (Bankr.S.D.Ind. 1998).

Debtor's analysis is based on the discussion in *In re Buchferer*, 216 B.R. 332 (Bankr.E.D.N.Y.1997), in which the bankruptcy court held that a loan to a debtor from his ERISA account was a secured loan, in that there was a right of setoff against the account should the loan not be repaid, *id.* at 337–38, and confirmed a less–than–100% plan providing for 100% repayment of that loan, *id.* at 344. It is an incomplete answer to decide that a 401k plan loan meets the definition of "debt" under the Code. Because Debtor has the option of "paying" it by allowing a set off against his retirement account or by paying the debt, monthly, out of his wages, the question is whether a debtor's decision to repay the debt monthly rather than by setoff meets the Code requirements.

11 U.S.C. § 1325(b)(1) provides:

If the trustee ... objects to the confirmation of the plan, then the court may

not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Here, because Trustee has objected to the plan, and the plan does not propose to repay the unsecured creditors in full, Debtor's plan should be confirmed only if all his "disposable income" is applied to unsecured debts under the plan. "Disposable income" is income received by the debtor "which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor." § 1325(b)(2)(A). Thus, if the funds to be applied to repay Debtor's retirement loan are not reasonably necessary for his or his dependents' maintenance and support, then the plan may not be confirmed. I adopt the rationale of the *Anes* decision and hold that repayment of a retirement account loan is not reasonably necessary for a debtor's or his dependents' maintenance or support. *See, Anes*, 195 F.3d at 180–81.

I recognize that "[a] number of courts ... have adopted a different rule when the retirement contribution is required by the employer, reasoning that expenses over which the debtor has no control, or which are necessary for a debtor's employment, are 'reasonably necessary' for a debtor's

support," *In re Mendoza*, 274 B.R. 522, 524 (Bankr.D.Ariz.2002); *see also In re Delnero*, 191 B.R. 539, 543 (Bankr. N.D.N.Y.1996) (requiring proof that repayment was condition of employment). Moreover, where an applicable state statutory scheme mandates repayment of a pension fund, *see In re Goewey*, 185 B.R. 444, 446 (Bankr.N.D.N.Y.1995) (relying on language in statute as permitting "discontinuance of the Debtor's payroll deduction"), repayment may be justified in some cases. Here, neither is the case. Debtor proposes to voluntarily repay his retirement plan.

Here, the funds proposed as voluntary repayment of a loan from a debtor's retirement account constitute disposable income.[1] While such repayments constitute wise financial planning, they are voluntary in nature and do not contribute, on a current basis, to the support of Debtor or Debtor's dependents. While the retirement account balance on the loan date of filing is exempt, *see* O.C.G.A. § 44–13–100(a)(2.1)(C), only the equity in the account is protected, not voluntary payments to augment that equity.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Trustee's Objection is sustained. Debtor is allowed fifteen (15) days from the entry of this Order to modify his Plan or the case will be dismissed.

---

1. Although Debtor notes that other provisions in the Bankruptcy Code protect creditors from borrowing money from his 401k with the intention of reducing his disposable income in preparation of filing bankruptcy, such as provisions to avoid fraudulent trans- fer, to dismiss as having been proposed in bad faith, and to exercise of equitable powers under § 105(a), the characterization of the proposed repayment funds, rather than Debtor's constructive or actual intent in borrowing, is the legal issue here.