**PORTER, Price Administrator, v. REPUBLIC AIRCRAFT MFG. CO., Inc.**

No. 11684.

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1946.

Rehearing Denied Jan. 7, 1947.

David London, Dr., Litigation Division, O.P.A., Albert M. Dreyer, Chief, Appellate Branch, O.P.A., and Albert J. Rosenthal, Atty., O.P.A., all of Washington, D. C., and Martin S. Tudyk, Regional Chief, Durable Goods Enforcement Unit, O.P.A., of Dallas, Texas, for appellant.

G. Hawkins Golden, of Dallas, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

The suit was for statutory damages under the provisions of Section 205(e) Emergency Price Control Act of 1942.[1] It was based upon sales of tire pumps alleged to have been sold by defendant at prices in excess of maximum prices established in Order 3430, issued pursuant to Maximum Price Regulation No. 188. After the suit was brought, defendant filed with the Administrator a protest against the maximum price established in order No. 3430, and obtained a stay of proceedings pending the disposition of the protest. On January 28, 1946, defendant's protest was granted in part, and Order 3430 was amended to establish much higher prices. On February 1, 1946, defendant moved to dismiss this action on the ground that the new price order entered in protest proceedings had superseded the one on which plaintiff's suit was based and "the instant suit wholly fails to state a cause of action, and its dismissal is impelled". This motion was sustained by the district judge, and the suit was ordered to be dismissed without prejudice. The motion to vacate the judgment and reinstate the cause of action overruled, plaintiff took this appeal.

We think it quite plain that the amendment of the order did not abate the suit or authorize its dismissal, and that the court erred in dismissing it. The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

[1] 50 U.S.C.A.Appendix, § 901 et seq.