In re Peter J. MULLEN, Debtor.

Bankruptcy No. 2–80–01356.

United States Bankruptcy Court,
S. D. Ohio, E. D.

March 13, 1981.

Kenneth A. Bauman, Columbus, Ohio, for debtor.

Albert R. Ritcher, Asst. U. S. Atty., Columbus, Ohio, for appellee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER ON MOTION FOR CIVIL CONTEMPT

GRADY L. PETTIGREW, Bankruptcy Judge.

From the evidence presented, this Court finds as follows:

1. Debtor, Peter J. Mullen, filed a voluntary petition in bankruptcy on April 24, 1980.

2. Debtor entered the U.S. Air Force in 1953 and was honorably discharged in 1957. He completed college in 1962, having served in the Air Force Reserves. In 1964, debtor returned to active duty status and completed Officer Training. On July 31, 1975, debtor was subject to a reduction in force and released from the Air Force. He was paid $15,000 readjustment pay at the time he was released because of the reduction in force. August 1, 1975, was debtor's re-enlistment date, on which he was given the rank of sergeant. On March 1, 1980, debtor retired from active duty in the Air Force.

3. Under the provisions of 10 U.S.C. § 687, debtor agreed that he would receive no retired pay, 10 U.S.C. § 8911, until he had repaid 75% of the $15,000.

4. The 75% of the $15,000 had not been paid when debtor filed his motion for civil contempt.

5. Debtor is entitled to receive retired pay subject to the duty to repay the 75% of the readjustment pay.

### Conclusion of Law

From the foregoing, this Court concludes as follows:

1. Debtor has failed to carry the burden of proof and persuasion that the U.S. Air Force is liable for civil contempt.

2. This Court does not conclude that 11 U.S.C. § 362 compells a finding of civil contempt in light of the mandatory provisions of 10 U.S.C. § 687.

IT IS SO ORDERED.