**In re Peter Joseph MULLEN, Debtor/Appellant.**

**No. C-2-81-569.**

United States District Court, S. D. Ohio, E. D.

Aug. 11, 1981.

---

Kenneth A. Bauman, Columbus, Ohio, for debtor-appellant.

Albert R. Ritcher, Asst. U. S. Atty., Columbus, Ohio, for appellee.

### OPINION AND ORDER

DUNCAN, District Judge.

This matter is before the Court on appeal from the denial by the Bankruptcy Court 14 B.R. 38 of appellant Mullen's motion to show cause why appellee Air Force should not be held in contempt.

**40**

Appellant's motion was filed on the ground that the United States Air Force violated 11 U.S.C. § 362 by continuing to retain retirement benefits during the pendency of his bankruptcy. That section provides that all acts and proceedings against a debtor or his property are stayed by the filing of a petition in bankruptcy.

Appellant does not challenge the findings of fact as entered by the Bankruptcy Judge that Mullen received $15,000 readjustment pay from the Air Force on July 31, 1975, upon his release pursuant to a reduction in force. He re-enlisted the next day and retired on March 1, 1980. Debtor agreed that he would not receive retired pay until after he repaid 75% of the $15,000, or $11,250, in accordance with 10 U.S.C. § 687. When Mullen filed a voluntary petition in bankruptcy April 24, 1980, a notice was distributed to his creditors, including the appellee herein, of a meeting of creditors, informing them, *inter alia*, of the stay occasioned by 11 U.S.C. § 362.

Upon consideration of evidence adduced at a hearing and oral and written argument of counsel, the Bankruptcy Judge held that Mullen failed to prove that the United States Air Force was liable for civil contempt and that 11 U.S.C. § 362 did not compel a finding of civil contempt "in light of the mandatory provisions of 10 U.S.C. § 687."

There was much discussion at the hearing before the Bankruptcy Judge, in the post-hearing briefs, in the briefs on appeal, and at an oral hearing before this Court about the nature of the relationship between the appellant and the appellee and the applicability of 11 U.S.C. § 362 to the events that gave rise to this motion. Whatever the merits of appellant's position on those issues, however, they were not decided by the Bankruptcy Judge and are not presented on appeal from his decision. The court below was confronted with the question whether it should declare the United States Air Force in contempt of its orders. This Court on appeal is confronted with the question whether the refusal to hold the appellee in contempt was a gross abuse of discretion.

11 U.S.C. § 105 confers on the Bankruptcy Court the power to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. This power comprehends authority, inherent in all courts, to adjudicate and punish contempt. See, *e.g., Fernos-Lopez v. United States District Court for District of Puerto Rico,* 599 F.2d 1087 (1st Cir. 1979), *cert. denied* 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189, *rehearing denied* 444 U.S. 1103, 100 S.Ct. 1070, 62 L.Ed.2d 790. To possess the power, however, does not require that it be exercised. Contempt is a discretionary power—an extraordinary remedy which must be exercised cautiously and sparingly. *NLRB v. Deena Artware, Inc.,* 207 F.2d 798 (6th Cir. 1953). This Court finds that the refusal of the court below to adjudicate the United States Air Force in contempt, given the questionable applicability of 11 U.S.C. § 362 to this transaction and the absence of evidence of disobedient motive on the part of the Air Force, was not an abuse of discretion. Accordingly, this Court affirms the order appealed from.