In re Alfred John and Grace E. NEWMAN, Debtors.

Alfred John NEWMAN, Plaintiff,

v.

VETERANS ADMINISTRATION, Defendant.

Bankruptcy Nos. 81–20849, 83–2093A.

United States Bankruptcy Court, W.D. New York.

Dec. 9, 1983.

Ian C. Dewaal, Rochester, N.Y., for debtor-plaintiff.

Martin J. Littlefield, Asst. U.S. Atty., Rochester, N.Y., for defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This action was brought by the debtor seeking an Order of the Court finding that the Veterans Administration, hereinafter referred to as VA, could not continue to withhold the periodic disability payments until the amount equals the lump sum disability severance pay which he received from the United States Army for the same disability. He also seeks to have the liability to repay the lump sum payment declared a debt dischargeable in bankruptcy.

The facts have been stipulated and the parties have submitted briefs. From the stipulations, it appears that on February 25, 1965, the debtor was discharged from the Army and was found to have a disability of 10%. At that time, he received a lump sum severance pay in the amount of $7,992 for that disability. The disability was based on a diagnosis of anxiety reaction pursuant to Army Code 3100 and Veterans Administration Code 400. On April 9, 1965, the debtor applied for disability benefits from the VA. On April 23, 1965, the VA rated the plaintiff as having 0% disability and this resulted in no monetary award. On May 28, 1981, after the plaintiff had requested a rerating, another rating decision was made. At this time, the plaintiff's service connected disability was rated at 30% and he was awarded payments of $169 per month. The government withheld payment of the monthly amount until such time as the monthly amount totaled the lump sum disability award previously mentioned.

On December 1, 1981, the VA received notice that the plaintiff had filed for bankruptcy under Chapter 13. The VA asked to be advised by the Bankruptcy Court as to the nature of the claimed debt. They were told by the Bankruptcy Court that the debtor had listed them as a creditor in the amount of $7,922 for severance pay. On January 18, 1982, the VA forwarded a letter to the attorney for the debtor setting out the regulations concerning severance

pay and informed that attorney that the government would continue to withhold monthly payments.

On February 22, 1982, the Bankruptcy Court converted the debtor from a Chapter 13 to a Chapter 7. An Order for a meeting of creditors was issued on March 11, 1982 which the government did receive. June 7, 1982 was the last day to file objections to discharge. The Court also set October 6, 1982 as the last day to file claims by creditors. The government did receive a notice of the automatic stay under 11 U.S.C. § 362(a). The government failed to appear at any of the meetings of creditors. They filed no objections to discharge and they filed no claim against the estate of the debtor. On June 9, 1982, the plaintiff was discharged from his dischargeable debts. During all this period of time, the government continued to withhold the $169.

In February, 1982, former counsel for the plaintiff contacted the attorney for the VA seeking restoration of the monthly checks. On January 5, 1983, the VA refused to do so.

The debtor through his counsel argues that the disability severance pay awarded by the Army in 1965 was a debt discharged in bankruptcy by this Court's order of June 1982. They asked that the VA be held in contempt for violation of the automatic stay of actions to collect a debt and because the VA obtained possession of property of the estate. They insist that the continued withholding of the $169 per month is a continuing violation of the final order of discharge dated June 9, 1982.

The debtor argues that the action is like the Social Security cases such as the *Matter of Neavear,* 674 F.2d 1201 (7th Cir.1982), which concludes that the Bankruptcy Court has jurisdiction to adjudicate the dischargeability of a Social Security overpayment. In accord are *In re Guiterrez v. Schweiker,* 15 B.R. 268 and the *Matter of Hawley,* 23 B.R. 236, in which the Court's ordered the Social Security Administration "not to withhold the plaintiff's Social Security benefits when earned or to offset or attempt to offset the overpayment obligation against

future obligations". The trouble with this argument is that those cases arose when the debtor had worked a fraud upon the Social Security Administration in order to receive payments and a debt actually arose which could have been deducted and declared nondischargeable in an action under 11 U.S.C. § 523(a)(2). The failure of the Social Security Administration to bring the actions under 11 U.S.C. § 523(a)(2) resulted in the debt being discharged. This is an entirely different situation from the case at bar.

But in this case, the debtor received his disability severance pay from the Army under 10 U.S.C. § 1212 for disability incurred as a result of his service. There is no requirement in this law that Mr. Newman pay the severance pay back. However, he was rated eligible for compensation for the same disability by the VA and 10 U.S.C. § 1212(c) states:

"The amount of disability severance pay received under this section shall be deducted from any compensation for the same disability to which the former member of the Armed Forces, or his dependents, become entitled under any law administered by the Veterans Administration. However, no deduction may be made from any death compensation to which his dependents become entitled after his death."

38 U.S.C. § 361 governs how the severance pay will be deducted:

"The deduction of disability severance pay from disability compensation, as required by section 1212(c) of title 10, United States Code, shall be made at a monthly rate not in excess of the rate of compensation to which the former member would be entitled based upon the degree of such former member's disability as determined on the initial Veterans' Administration rating."

The purpose of this law is to ensure that the veteran is not paid twice for the same disability and is more fully discussed in the regulations at 38 C.F.R., § 3.700(a)(3):

"Where the disability or disabilities found to be service-connected are the same as those upon which disability severance pay

is granted, an award of compensation will be made subject to recoupment of the disability severance pay... Following initial determination of the degree of disability recoupment shall not be at a monthly rate in excess of the monthly compensation payable for that degree of disability. For this purpose the term 'initial determination of the degree of disability' means the *first* regular schedular *compensable* rating in accordance with the provisions of Subpart B, Part 4 of this chapter (38 C.F.R. § 4.1 et. seq.) (emphasis added)"

11 U.S.C. § 101(11) defines debt as liability on a claim. Claim is defined by 11 U.S.C. § 101(4) as being a right to payment or a right to an equitable remedy. In the legislative history covering these sections, the House Report states:

"This definition of 'debt' and the definition of 'claim' on which it is based, proposed 11 U.S.C. § 101(4) will not include a transaction such as a policy loan on an insurance policy. Under that kind of transaction, the debtor is not liable to the insurance company for repayment; the amount owed is merely available to the company for setoff against any benefits that become payable under the policy. As such, the loan will not be a claim (it is not a right to payment) that the company can assert against the estate; nor will the debtor's obligation be a debt (a liability on a claim) that will be discharged under proposed 11 U.S.C. § 523 or § 524. H.R. No. 595, 95th Congress, Second Session 310, reprinted in 1978 U.S. Code Congressional and Ad News, 5787, 6267."

The Second Circuit had a case much like the one at bar. It is *In re Villarie,* 648 F.2d 810, which was a case brought seeking a declaration that an advance from an employee's retirement system was not a debt under the Bankruptcy Code. The Court of Appeals in this case held that a loan from the New York City Employees' Retirement System does not constitute a debt dischargeable in bankruptcy and held that the retirement system could deduct from the member's weekly compensation an amount

sufficient to recoup an advance to the member, notwithstanding member's filing of bankruptcy. At page 812, the Second Circuit said:

"... The 1978 Bankruptcy Code abandons the concept of 'provability,' substituting instead new definitions of 'claim' and 'debt'. A claim is a 'right to payment ...' 11 U.S.C. § 101(4)(A). A debt is simply 'liability on a claim.' *Id.* at § 101(11). The two concepts are thus coterminous...."

"... The error in this syllogism was in the Bankruptcy Judge's interpretation of the Administrative Code. Notwithstanding § B3.28.0's multiple use of the word 'shall', *see* note 1, *supra,* this provision merely directs NYCERS to deduct additional sums from a member's paycheck. It does not give NYCERS the right to sue a member for the amount of the advance. Indeed, should a member retire or resign from the City's employ, NYCERS would merely offset the amount borrowed against his future benefits. In the language of 11 U.S.C. § 502(b), this 'claim is unenforceable against the debtor ...' Therefore, it cannot give rise to a debt that can be discharged in bankruptcy...."

Here the statute and the administrative interpretation of that statute creates a situation were the government in order to avoid duplication of payment requires that the VA award be held until the Army lump sum payment is recouped. Were there no award by the VA, the lump sum would never be recouped.

Therefore, since in the case at bar a lump sum payment was made to the debtor in 1965 by the Army and the regulations prevent the VA from making additional payments to the debtor until payments equaling the lump sum payment have been withheld from the debtor, to prevent duplication of payments, the VA was permitted by law to withhold these payments. The fact of the debtor's discharge is immaterial since the debtor never owed a debt to the VA and or the Army. Plaintiff's action is denied and it is so ordered.