In re GASLIGHT CLUB, INC., New York Gaslight Club, Inc., Washington Gaslight Club, Inc., Florida Gaslight Club, Inc., O'Hare International Gaslight Club, Inc., Chicago Gaslight Club, Inc., Clubmen, Inc., and the Ten Twenty Corporation, Debtors.

Bankruptcy No. 83 B 603–610.

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 4, 1985.

Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, Ill., for debtors.

DiMonte & Lizak, Chicago, Ill., for V.A. Smith Co.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Motion For Sanctions and Fees filed by V.A. SMITH COMPANY, represented by DI MONTE & LIZAK, and the Court having considered the record in these cases and the pleadings on file, and having afforded the parties an opportunity for hearing and having found that this cause constitutes a core proceeding, and being fully advised in the premises;

The Court Finds:

1. On January 17, 1983, the above-named Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On April 22, 1983, V.A. SMITH COMPANY [V.A. Smith] filed a Motion to receive notice of proceedings in these cases and also requesting the turnover by Debtors of documents relating to Trust No. 2878 and Trust No. 4930, both held with the NATIONAL BOULEVARD BANK OF CHICAGO, as Trustee. The Court entered the Motion filed by V.A. Smith, directed Debtors to respond to that Motion within ten days, and set the matter for hearing on May 12, 1983, at 10:00 a.m.

3. Debtors failed to respond to V.A. Smith's Motion within the time allowed by the Court. At the May 12, 1983, hearing, Debtors' counsel indicated that the requested trust documents would be turned over to V.A. Smith within five days.

4. V.A. Smith filed its present Motion For Sanctions And Fees on June 3, 1983, requesting the imposition of sanctions against Debtors in the form of an $1,100.00 attorney fee award and in addition sought the dismissal of their Chapter 11 cases, on account of Debtors' failure to turn over the trust documents which V.A. Smith requested.

5. Debtors did not file written response to V.A. Smith's Motion For Fees And Sanctions, and the Court took that Motion under advisement after notice and a hearing.

The Court Concludes and Further Finds:

1. Section 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a) provides this Court with authority to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11 of the United States Code. This authority includes the power to adjudicate and punish contempts. To possess the contempt power, however, does not require that it be exercised. *In re Mullen,* 14 B.R. 39, 40 (S.D.Ohio 1981). "A judge trying a criminal contempt case may find violations and nevertheless impose no sanctions." *In re Dellinger,* 502 F.2d 813, 817 (7th Cir. 1974), *cert. denied,* 420 U.S. 990, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975).

2. Under all the circumstances of this case, the Court, in its discretion, concludes that contempt sanctions should not be imposed on Debtors at this time.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion For Sanctions And Fees filed by V.A. SMITH COMPANY against the above-entitled Debtors be, and the same is hereby denied.