**Mina J. PALM, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 95–A–427–N.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 21, 1995.

---

Daniel G. Hamm, Montgomery, AL, for plaintiff.

Leura J. Garrett, Montgomery, AL; Cynthia L. Stier, Washington, DC, for defendant.

## MEMORANDUM OPINION

ALBRITTON, District Judge.

### INTRODUCTION

This cause is before the Court on cross motions for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Plaintiff, Mina J. Palm, filed a Motion for Summary Judgment on August 31, 1995. On September 14, 1995, the Defendant, United States of America, filed a Request for Leave to File a Motion for Summary Judgment Out of Time and stipulated to the facts as stated by the Plaintiff for the purposes of both summary judgment motions. To dispose of the case on cross motions for summary judgment, the Court granted the Defendant's request. The Defendant's Cross Motion for Summary Judgment was ordered filed on September 18, 1995.

The Plaintiff brought suit on March 29, 1995, alleging that she was entitled to a refund of $6,830 for income taxes she erroneously paid for the year 1992. The Defendant disputes the Plaintiff's interpretation of the law, contending instead that the income the Plaintiff received was taxable and that the Plaintiff is not entitled to a refund.

For the reasons discussed below, the Plaintiff's Motion for Summary Judgment is due to be DENIED and the Defendant's Motion for Summary Judgment is due to be GRANTED.

### FACTS

For the purposes of deciding the cross motions for summary judgment, the parties have stipulated to the facts as follows:

The Plaintiff is a single, individual taxpayer. On July 30, 1992, she was honorably discharged from the United States Air Force after twelve years and four months of service. At her separation from service, she received a lump sum Special Separation Benefits payment of $32,913.72, a retirement incentive offered to her as part of the United States Government's military downsizing effort. She subsequently declared that sum as a portion of her income for 1992 and paid $6,915 in federal income tax for that year. Of that total, $6,830 represents the tax she paid on income from the Special Separation Benefits payment.

Also at the time of her separation from service, the Plaintiff filed a claim with the Department of Veterans Affairs ("VA") for disability compensation as a result of a service connected disability. In May of 1993, the VA approved her claim for disability compensation, awarding her $162 per month. The VA, however, informed the Plaintiff that her disability payments would be withheld until the full amount of the Special Separation Benefits payment was recouped.

In July of 1994, the Plaintiff filed an amended tax return, seeking to obtain a federal income tax refund of $6,830 for taxes erroneously paid for the year 1992. On her amended tax return, the Plaintiff explained that she was entitled to a refund because the Department of Veterans Affairs was recouping from her the total amount of her Special Separation Benefits payment. On August 18, 1994, the Internal Revenue Service ("IRS") notified the Plaintiff that her claim for a refund was denied. The IRS explained that lump sum separation payments which are later determined to be retroactive disability compensation recoupable by the Department of Veterans Affairs may not be excluded from gross income. The Plaintiff subsequently filed an appeal with the IRS Appeals Office. On February 15, 1995, the Appeals Office upheld the decision to deny her claim.

After exhausting her administrative remedies, the Plaintiff instituted the present action in this Court. Jurisdiction is based on 28 U.S.C. § 1346(a)(1). Although the Plaintiff admits that the Special Separation Benefits payment was taxable income at the time she received it, she argues that it retroactive-

ly became non-taxable when the Department of Veterans Affairs awarded her disability compensation. She asserts that this result is required by the separation pay recoupment statute, 10 U.S.C. § 1174(h). The Plaintiff further contends that equity requires the Special Separation Benefits payment be declared non-taxable. She points out that, if she is required to repay the taxable Special Separation Benefits payment with non-taxable disability compensation, the Government will reap a $6,830 windfall at her expense.

The Government disagrees with the Plaintiff's interpretation of the separation pay recoupment statute. The Government argues that the Special Separation Benefits payment never lost its status as taxable income and that the statute clearly instructs the Department of Veterans Affairs to recoup the total amount of the payment by withholding disability compensation.

The Court has resolved to determine this matter on cross motions for summary judgment because the parties disagree not as to the facts but as to interpretation of the relevant law.

### SUMMARY JUDGMENT STANDARD

Under *Fed.R.Civ.P.* 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In this case, the parties have stipulated to the facts for purposes of cross motions for summary judgment, and the Court believes that the facts are dispositive of all issues. Thus, one of the parties is entitled to judgment as a matter of law.

### THE SEPARATION PAY RECOUPMENT STATUTE

The dispute in this case turns on the proper interpretation of 10 U.S.C. § 1174(h), the separation pay recoupment statute. The statute states, in pertinent part, that

[a] member who has received separation pay ... based on service in the armed forces shall not be deprived, by reason of [her] receipt of such separation pay ... of any disability compensation to which [she] is entitled under the laws administered by the Department of Veterans Affairs, but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay ... received.

10 U.S.C. § 1174(h)(2).

The Plaintiff argues that this statute requires the Government to refund the $6,830 she paid as income tax on the Special Separation Benefits payment she received in 1992. Specifically, the Plaintiff points to the first half of subsection (2) which states that a veteran "shall not be deprived, by reason of [her] receipt of such separation pay ... of any disability compensation to which [she] is entitled." 10 U.S.C. § 1174(h)(2). The Plaintiff contends that, by recouping the taxable Special Separation Benefits payment with non-taxable disability compensation, the Government is depriving her of a portion of her disability compensation, namely $6,830 in tax she otherwise would not have had to pay, in contravention of the statute.

■ Although the Plaintiff's interpretation of the statute has equitable appeal, it presupposes that the separation pay she received was retroactively reclassified as non-taxable disability compensation upon her award of such compensation by the Department of Veterans Affairs. The separation pay recoupment statute, however, makes no reference to such a reclassification, and the Plaintiff cites no legal authority to show that such a reclassification occurred. In the absence of such authority, the payment received by the Plaintiff must remain classified as taxable separation pay. *See Berger v. Commissioner,* 76 T.C. 687, 695, 1981 WL 11350 (1981).

Under the statute, separation pay is subject to total recoupment when a recipient is subsequently awarded disability compensation. 10 U.S.C. § 1174(h)(2). The statute unequivocally instructs the Government to recoup "an amount equal to the total amount of separation pay ... received" by withholding disability compensation. 10 U.S.C. § 1174(h)(2) (emphasis added); *see also Sa-*

*bonis v. Brown,* 6 Vet.App. 426 (1994) (upholding total recoupment of veteran's readjustment pay based on plain meaning of the statute). Although it may seem unfair to recoup taxable separation pay by withholding non-taxable disability compensation, total recoupment without tax relief was clearly intended by Congress. This intent, though not evident from the words of the statute, is revealed by the statute's history.

Prior to the enactment of 10 U.S.C. § 1174(h), separation pay recoupment was governed by 10 U.S.C. § 687 (enacted as Pub.L. 89–718, 80 Stat. 1115 (1966) (repealed 1981)). Section 687 instructed the Department of Veterans Affairs (then the Veterans' Administration) to recoup only 75% of the total amount of the separation payment received by withholding disability compensation. 10 U.S.C. § 687(b)(6) (repealed 1981). The fractional recoupment provision was intended to account for the inequity of recouping taxable separation pay with non-taxable disability compensation. *See Berger,* 76 T.C. at 691–92 (citing S.Rep. No. 1096, 87th Cong., 1st Sess. (1961), *reprinted in* 1962 U.S.C.C.A.N. 1783, 1786). Without the provision, relief was not available because taxes paid on separation pay were not refundable. *See Berger,* 76 T.C. at 695 (denying tax refund); *see also Custis v. Commissioner,* 45 T.C.M. (CCH) 40, 1982 WL 10935 (1982) (following *Berger* and denying tax refund); *Cleary v. Commissioner,* 60 T.C. 133, 139, 1973 WL 2649 (1973) (denying exclusion of retirement pay from gross income).

In 1980, Congress enacted the Defense Officer Personnel Management Act, which amended the separation pay recoupment statute by replacing fractional recoupment with total recoupment. *See* Pub.L. 96–513, Title I, § 109(c), 94 Stat. 2870 (1980) (effective Sept. 15, 1981) (codified at 10 U.S.C. § 1174(h)(2)). The Act did not purport to establish an alternative provision to relieve the inequity of recouping taxable separation pay with non-taxable disability compensation. *See* H.R.Rep. No. 96–1462, 96th Cong., 2d Sess. (1980), *reprinted in* 1980 U.S.C.C.A.N. 633. Implicit was Congress' intent to eliminate relief from the tax consequences of separation pay recoupment.

■ Accordingly, the Plaintiff is not entitled to a refund for income tax paid on the Special Separation Benefits payment she received in 1992 because the payment retained its taxable status even after she was awarded disability compensation. Furthermore, the statute requires the Department of Veterans Affairs to withhold the Plaintiff's disability compensation until the separation payment she received is recouped in its entirety.

### CONCLUSION

For the reasons stated above, this Court finds that the Plaintiff's motion for summary judgment is due to be DENIED, and the Defendant's motion for summary judgment is due to be GRANTED. A separate order and judgment will be entered in accordance with this memorandum opinion.