T.C. Memo. 1996-445


UNITED STATES TAX COURT


RONALD A. AND KELLIE J. WEIGELT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14989-95.                    Filed September 30, 1996.


Ronald A. and Kellie J. Weigelt, pro se.

<u>Julie L. Payne</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>: This case was assigned to Special Trial Judge

Carleton D. Powell pursuant to section 7443A(b)(4) and Rules 180,

181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, Special Trial Judge:  By notice of deficiency dated May 25, 1995, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1992 in the amount of $1,348.  At the time the petition was filed, petitioners resided in Federal Way, Washington.

The issues are (1) whether petitioners are entitled to a deduction for contributions made to Individual Retirement Accounts (IRA's), and (2) whether petitioners are entitled to an overpayment of income taxes paid on separation benefits received from the U.S. Army (Army).

Petitioners timely filed a petition with this Court disputing the disallowance of the IRA deduction and claiming an overpayment in the amount of $17,103.  The alleged overpayment results from the inclusion of $70,070.60 in income that petitioners contend is exempt from taxation under section 104(a)(4).

The facts concerning the $70,070.60 have their genesis in the disintegration of the Soviet Union and the winding down of

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the Cold War. In 1980, Ronald A. Weigelt (petitioner) joined the Army and, after completing Officer's Candidate School, was commissioned an officer in the U.S. Army Reserves. Petitioner had planned to make the Army a career. In 1990, the Army began a reduction in force because of the changes in the international situation. On September 30, 1992, petitioner was honorably discharged from the Army and received a special separation benefit (SSB payment) in the amount of $70,070.60.

Prior to his discharge, petitioner applied to the Department of Veterans Affairs (DVA) for a disability pension. On January 11, 1994, the DVA notified petitioner by letter that he was entitled to monthly disability compensation benefits commencing November 1, 1992, December 1, 1992, and January 1, 1993, in the respective amounts of $83, $85, and $87. The letter, however, also informed him that

> You have received a Special Separation Benefit (SSB) payment of $70,070.60 from the Army. We must withhold benefit payments until we recover that full amount. We will then automatically begin monthly payments.

On their 1992 joint Federal income tax return, petitioners reported the $70,070.60 SSB payment. Petitioners also claimed a $4,000 deduction for two $2,000 IRA contributions. Upon examination, respondent determined that petitioners had unreported income from wages and interest in the respective amounts of $153 and $83, and that the deduction claimed for the IRA contributions was not allowable. While the 1992 return was

being examined, petitioners filed an amended 1992 return omitting the SSB payment from income. The amended return was treated as a claim for refund and was denied by respondent. Petitioners do not dispute the adjustments to the wage and interest income. They do, however, contest the disallowance of the IRA contributions deduction and contend that the SSB payment is nontaxable, and, accordingly, they are entitled to an overpayment. The parties agree that, if the SSB payment is nontaxable, petitioners' adjusted gross income is $46,277.[2]

The issues raised both depend on the taxability of the SSB payment. With regard to the IRA issue, under section 219(a) an individual is allowed a deduction for qualified retirement contributions. Section 219(g)(1), however, limits the deduction where an individual or the individual's spouse is an "active participant" for any part of the taxable year of certain pension plans. An active participant includes a participant in "a plan established for its employees by the United States". Sec. 219(g)(5)(A)(iii). Petitioner was an "active participant" during 1992. In the case of married individuals filing a joint return, the deduction when one individual is an "active participant" is reduced using a ratio determined by dividing the amount of the taxpayers' adjusted gross income in excess of $40,000 by $10,000.

---

[2] Adjusted gross income as reported ($112,111) plus adjustments to income ($236) plus disallowed IRA contributions deduction ($4,000) minus the SSB payment ($70,070).

Sec. 219(g)(2) and (3).  This results in the total disallowance of the IRA deduction for filers of joint returns where the total adjusted gross income exceeds $50,000.  Felber v. Commissioner, T.C. Memo. 1992-418, affd. without published opinion 998 F.2d 1018 (8th Cir. 1993).  If the $70,070.60 SSB payment is includable in petitioners' gross income, no deduction would be allowed for the IRA contributions.  Accordingly, we now turn to that issue.

The SSB payment was made under 10 U.S.C. sec. 1174(c) and (d) (1994).  Under these provisions, a Reserve Officer who has completed more than 5 years of active service and is involuntarily discharged is entitled to a lump-sum separation payment equal to the product of the total years of active service times the monthly basic pay at the time of the discharge multiplied by 12.

Section 61(a) provides that gross income means "all income from whatever source derived".  Unless Congress specifically exempts certain income from inclusion, the broad language of section 61(a) requires its inclusion.  Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955).  The broad reach of section 61(a), therefore, would include the SSB payment in gross income.  To be sure, Congress may exempt types of income from taxation.  However, "exemption from taxation must be clearly made out" and not rest on "doubt or ambiguity".  Bank of Commerce v. Tennessee, 161 U.S. 134, 146 (1896), on rehearing 163 U.S. 416, 423 (1896).

An exemption "cannot rest upon mere implications." United States v. Stewart, 311 U.S. 60, 71 (1940); see also United States v. Wells Fargo Bank, 485 U.S. 351, 355-356 (1988).

Section 104(a)(4) excludes from income "amounts received as a pension * * * for personal injuries or sickness resulting from active service in the armed forces".  The parties agree that with respect to the disability compensation received from the DVA, those payments would be exempt under section 104(a)(4).  The SSB payment, however, was not made for personal injury or sickness. The payment was made under 10 U.S.C. sec. 1174(c) because of petitioner's separation from active service prior to normal retirement, and was based, in part, on his years of active service.  There are two distinct potential sources for the payment--the SSB payment and the DVA disability compensation.

10 U.S.C. sec. 1174(h)(2) provides, however, that

> A member [of the armed forces] who has received
> separation pay under this section * * * based on
> service in the armed forces shall not be deprived, by
> reason of his receipt of such separation pay * * * of
> any disability compensation to which he is entitled
> under the laws administered by the Department of
> Veterans Affairs, but there shall be deducted from that
> disability compensation an amount equal to the total
> amount of separation pay * * * received.  [10 U.S.C.
> sec. 1174(h)(2).]

Petitioner does not dispute that normally the SSB payment would be includable in gross income.  See Felman v. Commissioner, 49 T.C. 599 (1968); Woolard v. Commissioner, 47 T.C. 274 (1966). On the other hand, petitioner argues that since he in effect is

required to repay that amount from the nontaxable DVA disability compensation, the SSB payment should also be treated as nontaxable.

This same issue was before the Court in Berger v. Commissioner, 76 T.C. 687 (1981). Berger involved 10 U.S.C. sec. 687, Pub. L. 89-718, sec. 6, 80 Stat. 1115, 1116 (1966) (repealed by Pub. L. 96-513, sec. 109(a), 94 Stat. 2870 (1980)). That section provided that a member of the reserves who was involuntarily released from active duty was entitled to readjustment pay based on his years of service. If, however, the member was entitled under repealed 10 U.S.C. sec. 687(b)(6) to disability compensation from the DVA (then known as the Veteran's Administration), an "amount equal to 75 percent of the readjustment payment is deducted from the disability compensation." In Berger, as here, the taxpayer argued that the readjustment pay he received should be reclassified as disability compensation excludable from income under section 104(a)(4). Berger v. Commissioner, supra at 689. In rejecting that argument, the Court noted that

> The legislative history reveals the congressional awareness of the plight of servicemen who have been involuntarily released from active duty, and, who * * * are immediately entitled to both a lump-sum readjustment payment and disability compensation. * * * Congress provided that these veterans would receive readjustment pay and that upon subsequent confirmation of entitlement to disability compensation, the readjustment pay in essence would be repaid to the Government by a deduction from the disability compensation * * *

\*      \*      \*      \*      \*      \*      \*

Congress could have enacted a law which would have allowed the immediate exclusion of readjustment payments from taxation * * *. However, Congress did not choose to have the lump-sum readjustment payments treated in this manner. Congress deliberately determined that a veteran covered by 10 U.S.C. sec. 687(b)(6) would be permitted to receive Veterans' Administration disability compensation upon restoring to the Government that 75-percent portion of the readjustment payment * * *. [Id. at 693-694.]

The repealed section 687 of title 10 would appear to be the lineal ancestor of 10 U.S.C. sec. 1174. While 10 U.S.C. sec. 1174(h)(2) mandates a 100-percent recovery of the SSB payment before petitioner would receive the DVA disability compensation, in substance the two provisions are the same. Congress could have provided that the SSB payment received under 10 U.S.C. sec. 1174(c) was nontaxable to the extent it was subject to recoupment under 10 U.S.C. sec. 1174(h)(2). We have searched the statutory language and the legislative history of 10 U.S.C. sec. 1174 and find no indication that Congress intended that an SSB payment would be tax exempt under these circumstances. See H. Rept. 96-1462 (1980). In sum, Congress did not provide for such an exemption, and we cannot infer one. See Palm v. United States, 904 F. Supp. 1312 (M.D. Ala. 1995).[3]

---

[3] Contrary to petitioners' argument, Strickland v. Commissioner, 540 F.2d 1196 (4th Cir. 1976), is inapposite. That case concerned the tax treatment of retirement pay and the retroactive granting of increased disability compensation.

Because the $70,070.60 SSB payment was properly included in petitioners' 1992 income, petitioners' adjusted gross income exceeds $50,000. Accordingly, the $4,000 deduction for the IRA contributions is not allowable under section 219(g).

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.