**In re Dwight A. BOYD and Annie May Boyd.**

**Dwight A. BOYD, Plaintiff,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, UNITED STATES of America, Defendant.**

**Bankruptcy No. 96–42438 S.**
**Adversary No. 97–4237.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

June 18, 1998.

James W. Stanley, Jr., Henry Means, Little Rock, AR, for plaintiff.

Fletcher Jackson, Asst. U.S. Atty., Little Rock, AR, for defendant.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant's Motion for Summary Judgment, filed on April 9, 1998, to which the plaintiff responded on May 12, 1998. In his response, the plaintiff stipulated to the statement of facts submitted by the United States Department of Veterans Affairs ("the VA"). There being no genuine issue of material fact for trial, the Court finds that the United States is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056.

Prior to the filing of this bankruptcy case, the debtor Dwight Boyd separated from active duty in the United States military and was awarded readjustment pay[1] in the amount of $50,732.00. Subsequently, Boyd applied for, and received, disability compensation related to his service in the Persian Gulf War. The readjustment award was for the same period of service as the disability award.

This bankruptcy case was filed on June 27, 1996, and a discharge granted on December 30, 1996. On August 22, 1997, the VA sent Boyd a letter advising him that the readjustment pay received upon discharge from military service would be recouped from his disability compensation. Believing that any right to recoupment was discharged in his bankruptcy case, the debtor obtained permission to reopen the case in order to file a complaint to determine the dischargeability of debt. The debtor asserts that the VA's assertion of a right to recoupment constitutes a claim or debt under the Bankruptcy Code and that this claim was discharged in his chapter 7 bankruptcy case such that the VA may not continue to recoup or otherwise setoff the readjustment pay from his disability benefits.

■ The United States Code provides in relevant part:

A member who has received separation pay under this section, or severance pay or readjustment pay under any other provision of law, based on service in the armed forces shall not be deprived, by reason of his receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he is entitled under the laws administered by the Department of Veterans Affairs, but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received. . . .

10 U.S.C. § 1174(h)(2). Thus, under this section, the United States must recoup readjustment pay from any disability benefits. The separated service member may have readjustment pay or disability benefits, but not both.

---

1. The parties refer to the award alternatively as readjustment pay, severance pay, or separation pay. Although, in general, title 10, United States

Code, appears to assign specific meaning to each of these terms, the distinction does not alter the result in this case.

This mandate that the readjustment pay be recouped does not, however, constitute a debt to the United States. Although Boyd is not entitled to receive both readjustment pay and disability benefits, he does not owe a debt to the United States. The fact that Boyd received readjustment pay does not entitle the VA to sue on a debt, overpayment or advance. Rather, the statute requires the VA to deduct the amount of readjustment pay from future benefits paid to the former service member to avoid duplication of payment.

Although few courts have addressed this issue, the decisions are clear and uniform. Since the statutory directive to recoup the readjustment pay is not a debt or claim, there is no debt to discharge under Bankruptcy Code section 727 and the United States is entitled to recoup the readjustment pay. *United States Department of Veterans Affairs v. Keisler (In re Keisler )*, 176 B.R. 605 (Bankr.M.D.Fla.1994); *Newman v. Veterans Administration*, 35 B.R. 97 (Bankr. W.D.N.Y.1983); *Dwyer v. United States*, 26 B.R. 366 (Bankr.S.D.Ohio 1982); *see In re Villarie*, 648 F.2d 810 (2d Cir.1981); *Palm v. United States*, 904 F.Supp. 1312 (M.D.Ala. 1995); *In re Mullen*, 14 B.R. 38 (Bankr. S.D.Ohio), *aff'd*, 14 B.R. 39 (S.D.Ohio 1981). Accordingly, it is

**ORDERED** that the Motion for Summary Judgment, filed on April 9, 1998, by the United States is granted. Since there is no debt or claim to be discharged in bankruptcy, the complaint will be dismissed.

**IT IS SO ORDERED.**