**In re Teddie J. SNODGRASS, Delores S. Snodgrass, Debtors.**

**Teddie J. Snodgrass, Plaintiff,**

**v.**

**Department of Veterans Affairs, Defendant.**

Bankruptcy No. 7–97–04225–RKA–7.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Jan. 19, 2000.

John J. Gifford, Browning & Lamie, Abingdon, VA, for debtor.

S. Randall Ramseyer, Assistant U.S. Attorney, Abingdon, VA, for defendant.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the Court arises as a result of a motion for summary judgment filed by the Department of Veterans Affairs (herein the VA). The issue to be determined in the complaint proceeding is whether the recoupment by the VA of a special separation benefit (herein SSB) by deduction of disability compensation to which Teddie J. Snodgrass (herein Snodgrass) is entitled is a claim by the VA against Snodgrass which was discharged in his no asset Chapter 7. Snodgrass also seeks to recover from the VA its recoupment of the SSB within 90 days of the date of the filing of his petition for relief on the ground on the ground that it is a voidable preference under 11 U.S.C. § 547(b). For the reasons stated in this Decision and Order, the Court grants the VA's motion for summary judgment.

## FACTS:

By stipulation of facts filed on April 14, 1999, all of the material facts necessary for a decision on the motion for summary judgment are before the court. The undisputed facts are: (1) Prior to August 26, 1996, Snodgrass was separated from the military and received a special separation benefit in the amount of $40,583.27; (2) On August 26, 1996, Snodgrass was granted service connected disability compensation by the VA, said compensation to be effective February 1, 1996, in the amount of $596.00 per month (herein referred to as the VA benefit); (3) The VA notified Snodgrass that it would recoup the SSB previously paid to Snodgrass from the VA benefits; (4) Snodgrass filed his chapter 7 proceeding on October 29, 1997, and listed the VA as an unsecured creditor with a claim in the amount of the SSB ($40,-583.00); (5) The VA paid no benefits to Snodgrass for the months of July, August, September or October 1997, which benefits total $2,240.00 (the prepetition recoupment). (6) The VA did not make any VA benefit payments to Snodgrass after the filing of his chapter 7.

## LAW AND DISCUSSION:

In support of its motion for summary judgment, the VA relies on 10 U.S.C. § 1174(h)(2). In relevant part, the statute states:

[A] member who has received separation pay under this section or severance pay or readjustment pay under any other provision of law, based on service in the Armed Forces, shall not be deprived by reason of his receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he is entitled under the laws administered by the Department of Veterans Affairs, but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received . . . .

Snodgrass submitted authority which he argues supports his position that the V.A. had a claim against him in the amount of the SSB as of the date of the filing of his petition for relief.[1] Snodgrass relies on *In re Burson*, 107 B.R. 285 (Bankr.S.D.Cal. 1989); but, that reliance is misplaced.

---

1. Snodgrass points to the definition of claim found in 11 U.S.C. § 101(5)(A) "claim" means—(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

*Burson* involved a re-enlistment bonus received by the debtor. The re-enlistment bonus was subject to the terms of an agreement between the debtor and the Marine Corps which required repayment of the re-enlistment bonus under certain conditions.

In the case at bar, there is no agreement between the VA and Snodgrass for the repayment of the SSB. Further, all parties agree that Snodgrass cannot be sued by the VA for recovery of the SSB. Therefore, no matter how broadly you read 11 U.S.C. § 101(5)(A), the VA has no claim against Snodgrass.

The VA sites *In re Boyd,* 223 B.R. 586 (Bankr.D.Ark.1998) as authority for the proposition that it is entitled to recoup under 10 U.S.C. § 1174(h)(2) and that recoupment is not a violation of the discharge injunction of 11 U.S.C. § 524 because there is no debt to discharge under 11 U.S.C. § 727. The facts of *Boyd* are substantially similar, if not identical, to the facts in the case at bar. The analysis in *Boyd* of the law is applicable to the case at bar. In granting the motion for summary judgment in favor of the VA, this court adopts the reasoning and holding in *Boyd.*

### CONCLUSION:

For the reasons stated in this Decision and Order, this Court holds that the VA is entitled to recoup the special separation benefit paid to Snodgrass from the disability compensation awarded to Snodgrass from the VA, that there is no debt of Snodgrass to VA to have been discharged under 11 U.S.C. § 727 in his no asset case, that the VA's recoupment pre-petition does not constitute a voidable preference under 11 U.S.C. § 547, and that its post-petition recoupment does not constitute a violation of the discharge injunction imposed by 11 U.S.C. § 524. Based on the foregoing, it is

### ORDERED:

That the motion for summary judgment of the Department of Veteran Affairs is GRANTED and this complaint proceeding is DISMISSED.